**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel.: (212) 309-6000
Fax: (212) 309-6001

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MALRY TARDD and OTTO WHITE,      :

      Plaintiffs,      : Case No. CV-04-3262 (ADS) (ARL)

               :

      -against-      :

               :

BROOKHAVEN NATIONAL LABORATORY, a.k.a.  :
and/or d/b/a BROOKHAVEN SCIENCE ASSOCIATES,  :
CONRAD FORSTER, in his individual and official  :
capacity; MICHAEL GOLDMAN, in his individual and  :     *ELECTRONICALLY FILED*
official capacity; WILLIAM HEMPFLING, in his official  :
and individual capacity; SUE FOSTER, in her official and  :
individual capacity; WALTER DEBOER, in his official  :
and individual capacity; STEVE DIERKER, in his official  :
and individual capacity; ED HAAS, in his official and  :
individual capacity; MICHAEL CARUSO, in his official  :
and individual capacity; MICHAEL BEBON, in his official :
and individual capacity; DEREK LOWENSTEIN, in his  :
official and individual capacity; WILLIAM GUNTER, in  :
his official and individual capacity; THOMAS  :
SHERIDAN, in his official and individual capacity;  :
PETER PAUL, in his official and individual capacity;  :
KENNETH BROG, in his official and individual capacity,  :

               :

      Defendants.      :

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT BSA'S MOTION TO DISMISS

### Of Counsel:

Christopher A. Parlo (CP-4310)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS .................................................................................... 1

ARGUMENT ........................................................................................................ 2

I.     STANDARD OF REVIEW ........................................................................ 2

II.    PLAINTIFFS CANNOT STATE A CLAIM UPON WHICH RELIEF CAN BE
       GRANTED UNDER THE NYSHRL .......................................................... 4

      A.     Plaintiffs' NYSHRL Claim Is Barred Under The Federal Enclave Doctrine ........ 4

      B.     Plaintiff Tardd's NYSHRL Claim Against BSA Is Barred By The Election
          Of Remedies Doctrine ................................................................... 8

III.   PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS TO STATE A
       CLAIM ................................................................................................ 10

      A.     Plaintiff Has Failed To State A Cause Of Action Against BSA For Breach
          Of An Implied Contract Because Plaintiffs Are Or Were Employees At-
          Will And No Contractual Limit Existed Upon BSA's Right To Take Any
          Action ......................................................................................... 10

      B.     Plaintiffs Have Failed To State A Cause Of Action For Breach Of Any
          Express Contract ......................................................................... 14

IV.   ANY CLAIM AGAINST BSA UNDER § 1985(3) SHOULD BE DISMISSED .......... 15

      A.     Plaintiffs Fail To Allege A Cognizable Basis For Their § 1985(3) Claim .......... 15

      B.     Even If Plaintiffs Could Assert An Actionable Basis For A § 1985(3)
          Claim, The "Intracorporate Conspiracy Doctrine" Bars Any Such Claim .......... 17

V.     ANY CLAIM AGAINST BSA UNDER § 1986 SHOULD BE DISMISSED .............. 19

VI.   PLAINTIFF TARDD'S CLAIMS CONCERNING ACTIONS OCCURRING
       PRIOR TO THE SETTLEMENT AGREEMENT ARE BARRED AND
       SHOULD BE DISMISSED ...................................................................... 20

VII.   PLAINTIFF TARDD AND PLAINTIFF WHITE'S TITLE VII CLAIMS THAT
       PRE-DATE JUNE 5, 2001 AND AUGUST 31, 2002, RESPECTIVELY, ARE
       TIME-BARRED ..................................................................................... 21

CONCLUSION ................................................................................................ 22

# TABLE OF AUTHORITIES

## FEDERAL CASES

Baines v. Masiello,
288 F. Supp. 2d 376 (W.D.N.Y. 2003) .......................................................19

Baron v. Port Auth. of N.Y. & N.J.,
271 F.3d 81 (2d Cir. 2001).................................................................10, 12, 13

Barr v. Abrams,
810 F.2d 358 (2d Cir. 1987)...................................................................3

Bawa v. Brookhaven Nat'l Lab., Associated Univ. Inc.,
968 F. Supp. 865 (E.D.N.Y. 1997),
aff'd, No. 97-9471,1999 U.S. App. LEXIS 34074 (2d Cir. Dec. 23, 1999).......................22

Brass v. Am. Film Techs., Inc.,
987 F.2d 142 (2d Cir. 1993)....................................................................3

Brown v. Philip Morris Inc.,
250 F.3d 789 (3d Cir. 2001) ..................................................................16

Burnette v. Carothers,
192 F.3d 52 (2d Cir. 1999)....................................................................2

Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.,
990 F.2d 1397 (2d Cir. 1993), aff'd, 173 F.3d 843 (2d Cir. 1999) ............................21, 22

Cameron v. Church,
253 F. Supp. 2d 611 (S.D.N.Y. 2003) .........................................................19

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)..........................................................................14

Ciambriello v. County of Nassau,
292 F.3d 307 (2d Cir. 2002) .................................................................17

Cleveland Wrecking Co. v. Hercules Constr. Corp.,
23 F. Supp. 2d 287 (E.D.N.Y. 1998), aff'd, 198 F.3d 233 (2d Cir. 1999) ........................14

Conley v. Gibson,
355 U.S. 41 (1957)...........................................................................2

Cortec Indus., Inc. v. Sum Holding L.P.,
949 F.2d 42 (2d Cir. 1991)....................................................................3

Demicco v. Home Depot USA, Inc.,
101 F. Supp. 2d 122 (E.D.N.Y. 2000) ........................................................................10

Dusé v. Int'l Bus. Machs. Corp.,
252 F.3d 151 (2d Cir. 2001)..............................................................................13, 14

Dwares v. City of New York,
985 F.2d 94 (2d Cir. 1993) ........................................................................................19

Forbes v. S.U.N.Y. at Stony Brook,
259 F. Supp. 2d 227 (E.D.N.Y. 2003) ........................................................................8

Gagliardi v. Village of Pawling,
18 F.3d 188 (2d Cir. 1994) ........................................................................................19

George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,
554 F.2d 551 (2d Cir. 1977)........................................................................................2

Girard v. 94th St. and Fifth Ave. Corp.,
530 F.2d 66 (2d Cir. 1976) ........................................................................................17

Goodyear Atomic Corp. v. Miller,
486 U.S. 174 (1988).................................................................................................5, 6

Great Am. Fed. Sav. & Loan Ass'n v. Novotny,
442 U.S. 366 (1979) ..................................................................................................16

Herrmann v. Moore,
576 F.2d 453 (2d Cir. 1978) ................................................................................15, 17

Hishon v. King & Spalding,
467 U.S. 69 (1984)..................................................................................................2, 3

James v. Dravo Contracting Co.,
302 U.S. 134 (1937)....................................................................................................7

Jenkins v. Arcade Bldg. Maint.,
44 F. Supp. 2d 524 (S.D.N.Y. 1999) .........................................................................16

Jews for Jesus, Inc. v. Jewish Cmty. Relations Council,
968 F.2d 286 (2d Cir. 1992) ......................................................................................19

Jones v. Dunkirk Radiator Corp.,
21 F.3d 18 (2d Cir. 1994)...........................................................................................11

Kelly v. Lockheed Martin Servs. Group,
25 F. Supp. 2d 1 (D. P.R. 1998)..........................................................4, 5, 6, 7

Koren v. Martin Marietta Servs., Inc.,
997 F. Supp. 196 (D. P.R. 1998).................................................................5

Ladson v. Ulltra E. Parking Corp.,
853 F. Supp. 699 (S.D.N.Y. 1994) ........................................................16, 17

Lawson v. N.Y. Billiards Corp.,
331 F. Supp. 2d 121 (E.D.N.Y. 2004) ...................................................11, 13

Leahy v. Fed. Express Corp.,
609 F. Supp. 668 (E.D.N.Y. 1985) ...............................................................12

M & M Transp. Co. v. U.S. Indus., Inc.,
416 F. Supp. 865 (S.D.N.Y. 1976) ..............................................................20

Madonna v. United States,
878 F.2d 62 (2d Cir. 1989)...........................................................................3

Mangaroo v. Boundless Techs., Inc.,
253 F. Supp. 2d 390 (E.D.N.Y. 2003) .........................................................16

Miles v. Florsheim Shoe Store Co.,
73 Fair Empl. Prac. Case (BNA) 119 (S.D.N.Y. 1997).....................................3

Miller v. Wackenhut Servs. Inc.,
808 F. Supp. 697 (W.D. Mo. 1992) ................................................................5

Moodie v. Fed. Reserve Bank of N.Y.,
58 F.3d 879 (2d Cir. 1995)..........................................................................8, 9

Nat'l R.R. Passenger Corp. v. Morgan,
536 U.S. 101 (2002).....................................................................................21

Orlevetz v. Day & Zimmerman, Inc.,
848 P.2d 463 (Kan. Ct. App. 1993) ...............................................................6

Osburn v. Morrison Knudsen Corp.,
962 F. Supp. 1206 (E.D. Mo. 1997).................................................................6

Packer v. Yampol,
630 F. Supp. 1237 (S.D.N.Y. 1986).........................................................15, 20

Paul v. U.S.,
371 U.S. 245 (1963)..............................................................................................5, 7

Philippeaux v. N. Cent. Bronx Hosp.,
871 F. Supp. 640 (S.D.N.Y. 1994) ............................................................15, 16, 17

Platsky v. Kilpatrick,
806 F. Supp. 358 (E.D.N.Y. 1992) ................................................................18

Quinn v. Green Tree Credit Corp.,
159 F.3d 759 (2d Cir. 1998)..........................................................................21

Ritzie v. C.U.N.Y.,
703 F. Supp. 271 (S.D.N.Y. 1989) ..............................................................18

Robins v. Max Mara, U.S.A., Inc.,
914 F. Supp. 1006 (S.D.N.Y. 1996) ..............................................................18

Samuel v. Merrill Lynch Pierce Fenner & Smith,
771 F. Supp. 47 (S.D.N.Y. 1991)..................................................................21

Sherlock v. Montefiore Med. Ctr.,
84 F.3d 522 (2d Cir. 1996) ..........................................................................16

Smith v. Local Union 28 Sheet Metal Workers,
877 F. Supp. 165 (S.D.N.Y. 1995) ..............................................................16

Snow v. Bechtel Constr. Inc.,
647 F. Supp. 1514 (C.D. Cal. 1986) ..............................................................6

Straker v. Metro. Transit Auth.,
333 F. Supp. 2d 91 (E.D.N.Y. 2004) ............................................................20

Swierkiewicz v. Sorema N.A.,
534 U.S. 506 (2002)........................................................................................3

Tufano v. One Toms Point Lane Corp.,
64 F. Supp. 2d 119 (E.D.N.Y. 1999) ..........................................................2, 3

United Bhd. of Carpenters, Local 610 v. Scott,
463 U.S. 825 (1983) ......................................................................................15

Warden v. E.R. Squibb & Sons, Inc.,
840 F. Supp. 203 (E.D.N.Y. 1993) ..............................................................20

v

Williams v. Reilly,
743 F. Supp. 168 (S.D.N.Y. 1990) ..................................................................18

Woodcock v. Montefiore Med. Ctr.,
48 F. Supp. 2d 231 (E.D.N.Y. 1999) .................................................................9

York v. Ass'n of the Bar of the City of N.Y.,
286 F.3d 122 (2d Cir. 2002)...............................................................................8

## STATE CASES

Beagan v. Manhattanville Nursing Care Ctr. Inc.,
575 N.Y.S.2d 70 (App. Div. 1st Dep't 1991).....................................................12

Dalton v. Union Bank of Switz.,
520 N.Y.S.2d 764 (App. Div. 1st Dep't 1987)...................................................12

DePetris v. Union Settlement Ass'n,
657 N.E.2d 269 (N.Y. 1995)........................................................................10, 12

Diskin v. Consol. Edison Co.,
522 N.Y.S.2d 888 (App. Div. 2d Dep't 1987)..............................................10, 11

Horn v. N.Y. Times,
790 N.E.2d 753 (N.Y. 2003)............................................................................11

Kotick v. Desai,
507 N.Y.S.2d 217 (App. Div. 2d Dep't 1986)...................................................12

Marine Midland Bank, N.A. v. N.Y. State Div. of Human Rights,
51 N.E.2d 558 (N.Y. 1989).................................................................................8

Martin v. N.Y. Life Ins. Co.,
42 N.E. 416 (N.Y. 1895)...................................................................................10

McPherson v. U.S. Clearing Corp.,
625 N.Y.S.2d 22 (App. Div. 1st Dep't 1995).....................................................13

Murphy v. Am. Home Prods. Corp.,
448 N.E.2d 86 (N.Y. 1983)...............................................................................11

O'Connor v. Eastman Kodak Co.,
481 N.E.2d 549 (N.Y. 1985).............................................................................11

Paolucci v. Adult Retardates Ctr., Inc.,
582 N.Y.S.2d 452 (App. Div. 2d Dep't 1992)...................................................11

Sabetay v. Sterling Drug Inc.,
506 N.E.2d 919 (N.Y. 1987)..............................................................10, 11

Taylor v. Lockheed Martin Corp.,
78 Cal. App. 4th 472 (App. Dist., 2d Div. 2000)....................................7

Thomas v. Austrian Airlines,
628 N.Y.S.2d 402, 403 (App. Div. 2d Dep't 1995)...............................13

Utas v. Power Auth. of N.Y.,
466 N.Y.S.2d 390 (App. Div. 2d Dep't 1983).......................................12

Weiner v. McGraw-Hill, Inc.,
443 N.E.2d 441 (N.Y. 1982)................................................................11

## DOCKETED CASES

Baptiste v. N.Y. City Transit Auth.,
No. 02 Civ. 6377, 2004 WL 626198 (S.D.N.Y. Mar. 29, 2004)  ....................15, 17, 18, 19

Francis v. Elmsford Sch. Dist.,
No. 04 Civ. 2687, 2004 WL 17699980 (S.D.N.Y. Aug. 5, 2004) .......................................9

Harris v. Niagara Mohawk Power Corp.,
No. 95 Civ. 788, 1998 WL 865566 (N.D.N.Y. Dec. 7, 1998) ...........................................16

Hutchinson v. Andrulis Corp.,
2004 U.S. Dist. LEXIS 5684 (N.D. Fla. Mar. 19, 2004) ......................................................5

James v. City of New York,
No. 01 Civ. 30, 2003 WL 21991591 (S.D.N.Y. Aug. 20, 2003) ........................................9

Johnson v. City of New York,
No. 01 Civ. 1860, 2004 WL 502929 (E.D.N.Y. Jan. 12, 2004) ........................................18

Lyman v.  City of New York,
No. 96 Civ. 2382, 1997 WL 473976 (S.D.N.Y. Aug. 20, 1997) ........................................9

Mahadi v. Johnson Controls, Inc.,
No. 02 Civ. 1256, 2003 WL 21244545 (E.D.N.Y. Apr. 25, 2003)......................................8

Nassau County Employee "L" v. County of Nassau,
No. 04 Civ. 1014, 2004 WL 2700067 (E.D.N.Y. Nov. 29, 2004) .............................17, 18

Rowe Entm't, Inc. v. William Morris Agency, Inc.,
No. 98 Civ. 8272, 2000 WL 896929 (S.D.N.Y. July 6, 2000) ..........................................16

Smith v. Metro N. Commuter R.R.,
No. 98 Civ. 2528 (RWS), 2000 WL 1449865 (S.D.N.Y. Sept. 29, 2000) .......................19

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A. - Petrobras,
No. 98 Civ. 3099, 2001 WL 300735 (S.D.N.Y. Mar. 27, 2001) ........................................3

## STATUTES

42 U.S.C. § 1985(3) ....................................................................................15, 16, 17, 19

42 U.S.C. § 1986 ...........................................................................................17, 19, 20

42 U.S.C. § 2000e-5(e)(1) ........................................................................................21

Fed.R.Civ.P. 8(a) ....................................................................................................17

Fed.R.Civ.P. 12(b)(6) ........................................................................................1, 2, 3

Fed.R.Civ.P. 12(c) .............................................................................................1, 2, 3

N.Y. Exec. Law § 297(9) .......................................................................................4, 8

U.S. Const. Art. I, § 8, cl. 17....................................................................................4

## PRELIMINARY STATEMENT

Defendant Brookhaven Science Associates (the "Company" or "BSA") (incorrectly identified in the Complaint as "BROOKHAVEN NATIONAL LABORATORY, a.k.a. and/or d/b/a BROOKHAVEN SCIENCE ASSOCIATES") and the individual Defendants (collectively, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby move the Court under Fed. R. Civ. P. 12(b)(6) and 12(c) to dismiss Plaintiffs' state law claim under the New York State Human Rights Law ("NYSHRL") (Count Two) for failure to state a claim upon which relief can be granted.  Specifically, BSA operates on a federal enclave under the jurisdiction of the federal government and, therefore, Plaintiffs' state law claim is barred by the federal enclave doctrine and Article I, Section 8, clause 17 of the United States Constitution.

BSA also moves to dismiss Plaintiffs' breach of contract claim (Count Four) for failure to state a claim upon which relief can be granted.  Plaintiffs are at-will employees and have failed to allege, and cannot show, that they relied upon any express limitation on BSA's clear right to terminate their employment, or to take any other action.  Plaintiffs similarly fail to state a claim concerning the existence of, or that BSA violated the terms of, any express contract.

BSA also moves to dismiss all claims of Plaintiff Malry Tardd that are alleged to have occurred prior to August 1, 2001, because of a binding Settlement Agreement entered into by Mr. Tardd on that date, and to dismiss all of the claims of both plaintiffs which are barred by the applicable statute(s) of limitations.

## STATEMENT OF FACTS

BSA, a nonprofit, limited-liability company, founded in 1997, is responsible for managing and operating Brookhaven National Laboratory ("BNL") under contract with the Department of Energy ("DOE").  BNL is located in Upton, New York, in Suffolk County.  See

Second Amended Complaint (the "Complaint" or "Compl.") ¶ 33, attached to the Affidavit of

Christopher A. Parlo (the "Parlo Aff.") as Exhibit ("Ex.") A.  The site on which BNL is located

was ceded to the United States by Deed of Cession ("Deed") on January 17, 1933.  See Deed

attached to the Parlo Aff. as Ex. B.  Since that time, BNL has operated on land that constitutes a

federal enclave and is governed exclusively by federal law.  Plaintiffs' claims of alleged

discrimination under the NYSHRL arise solely from their employment at the BNL site in Upton,

New York.  See Complaint.

In 1996, Plaintiff Tardd filed a complaint against BNL with the New York State Division

of Human Rights ("NYSDHR") alleging race discrimination.  The claim was resolved, and the

parties (including Tardd) entered into a binding settlement agreement in August 2001 (the

"Settlement Agreement").  A copy of the Settlement Agreement is attached to the Parlo Aff. as

Ex. C.  On July 28, 2004, Plaintiff Tardd filed this Complaint, alleging that BNL and the

individually named Defendants retaliated and discriminated against him.  See Complaint.

## ARGUMENT

### I.    STANDARD OF REVIEW

The standard for determining whether to grant a motion for judgment on the pleadings

under Fed. R. Civ. P. 12(c) is the same as that governing a motion to dismiss made under Fed. R.

Civ. P. 12(b)(6).  See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999); George C. Frey

Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp., 554 F.2d 551, 553 (2d Cir. 1977)

(same).  On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all

well-pleaded factual assertions in the complaint as true, and draw all inferences in favor of the

plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.

41, 45-46 (1957); see also Tufano v. One Toms Point Lane Corp., 64 F. Supp. 2d 119, 122-23

(E.D.N.Y. 1999).  A district court should grant a motion to dismiss brought under Fed.R.Civ.P.

12(b)(6), however, if it appears beyond doubt that the non-moving party could prove no set of facts that would entitle it to relief.  Hishon, 467 U.S. at 73.  Stated another way, a court should dismiss a complaint "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon, 467 U.S. at 73) (emphasis added).  Where a plaintiff alleges violations of a civil rights statute in the complaint, the allegations must contain specific violations and not merely "'a litany of general conclusions that shock but have no meaning.'"  Tufano, 64 F. Supp. 2d at 123 (quoting Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987)).

To determine if a claim is legally sufficient, a court may consider any document attached to the complaint as an exhibit, documents or statements incorporated in the complaint by reference, any matters of which judicial notice may be taken, and any documents either in a plaintiff's possession or of which he or she had knowledge and relied upon in bringing suit. United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A. – Petrobras, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) (citations omitted); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); Madonna v. United States, 878 F.2d 62, 64-65 (2d Cir. 1989); Miles v. Florsheim Shoe Store Co., 73 Fair Empl. Prac. Case (BNA) 119, 122-23 (S.D.N.Y. 1997) (reviewing plaintiff's EEOC charge in granting Rule 12(c) motion dismissing his time-barred Title VII claims).

Plaintiffs have not alleged sufficient facts under which Defendants can be held liable under the NYSHRL, or for any breach of contract.  Because no set of facts consistent with the allegations Plaintiffs have made can change that conclusion, Plaintiffs Second and Fourth causes of action should be dismissed.

**II.    PLAINTIFFS CANNOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE NYSHRL**

Plaintiffs cannot bring a claim against BSA under the NYSHRL because:  (1) any such claim is barred by the federal enclave doctrine, and (2) Plaintiff Tardd's NYSHRL claims are barred under N.Y. Exec. Law § 297(9), by the doctrine of election of remedies.  Accordingly, the Second Count of Plaintiffs' Complaint should be dismissed.

**A.    Plaintiffs' NYSHRL Claim Is Barred Under The Federal Enclave Doctrine**

The land on which BNL operates was ceded by deed to the United States on July 17, 1933.  See Parlo Aff. Ex. B.  Through that Deed, the United States Government obtained the BNL site from the State of New York and created a federal enclave.  See Affidavit of Michael M. Goldman (the "Goldman Aff.") ¶ 2.  Since then, the site has remained a federal enclave subject to the exclusive jurisdiction of the federal government.  Id. at ¶ 2.  Since 1998, the site has been operated by BSA, a private not-for-profit limited liability company, under a contract that BSA has with the DOE, the federal agency that oversees the BNL site.  Id. at ¶ 4.  As a result, Plaintiffs' NYSHRL claim for alleged employment discrimination occurring at BNL (Count 2) is barred under the federal enclave doctrine.

The Supremacy Clause of the United States Constitution, Article I, Section 8, Clause 17, states in relevant part:

> The Congress shall have Power…To exercise exclusive Legislation in all Cases whatsoever over the District of Columbia and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

U.S. Const. Art. I, § 8, cl. 17.  Under this provision, a federal enclave is created, and the United States acquires exclusive jurisdiction, when a state consents to the purchase or acquisition of title to land by the United States, effectively transferring some or all of the state's jurisdiction to the federal government.  Kelly v. Lockheed Martin Servs. Group, 25 F. Supp. 2d 1, 3 (D. P.R. 1998).

Once a federal enclave is created, "only state law existing at the time of the acquisition remains enforceable [in the enclave,] not subsequent laws." Paul v. U.S., 371 U.S. 245, 268 (1963), (emphasis added); Kelly, 25 F. Supp. 2d at 4 (holding that state laws that do not preexist the creation of a federal enclave are pre-empted).

In addition, once a federal enclave exists, the U.S. Supreme Court has made clear that "state regulation of federal facilities is allowed only to the extent that Congress has clearly authorized such regulation." Goodyear Atomic Corp. v. Miller, 486 U.S. 174, 181 (1988) (emphasis added). "No such statute has been passed to permit state anti-discrimination statutes to be enforced on federal enclaves". Kelly, 25 F. Supp. 2d at 4-5 (holding that where Congress has not taken "clear and unambiguous" action to authorize state regulation of federal enclaves, only federal law governs).

The federal enclave doctrine applies not only to the federal government operating on a federal enclave, but also to private contractors that carry out their functions at federally owned facilities. Kelly, 25 F. Supp. 2d at 5 (citing Goodyear, 486 U.S. at 180). Consequently, in the employment context, every court that has addressed the issue has struck down the application of employment-related state laws on federal enclaves, where employees allege violations against private employers or contractors. Hutchinson v. Andrulis Corp., 2004 U.S. Dist. LEXIS 5684, at *1-2 (N.D. Fla. Mar. 19, 2004) (holding that Florida's whistleblower statute was inapplicable to an employee whose place of employment was located on a federal enclave); Koren v. Martin Marietta Servs., Inc., 997 F. Supp. 196, 208 (D. P.R. 1998) (holding that Puerto Rico's wage-and-hour laws were inapplicable to employees who worked at the Roosevelt Roads Naval Station, a federal enclave); Miller v. Wackenhut Servs. Inc., 808 F. Supp. 697, 700 (W.D. Mo. 1992) (dismissing the plaintiff's claims under Missouri's anti-discrimination statute because the plant at which plaintiff worked was on a federal enclave); Osburn v. Morrison Knudsen Corp.,

962 F. Supp. 1206 (E.D. Mo. 1997) (holding that state regulation of the employment practices of a private employer is prohibited on a federal enclave); Orlevetz v. Day & Zimmerman, Inc., 848 P.2d 463 (Kan. Ct. App. 1993) (claims of wrongful termination and retaliatory discharge are not actionable against a private contractor on a federal enclave); Snow v. Bechtel Constr. Inc., 647 F. Supp. 1514 (C.D. Cal. 1986) (dismissing the plaintiff's action because the state wrongful termination law did not preexist the federal enclave and, therefore, was not applicable to the employees of a private contractor on the site).

Kelly v. Lockheed Martin Services. Group, 25 F. Supp. 2d 1 (D. P.R. 1998), is particularly instructive.  In Kelly, the plaintiffs brought an action under the Puerto Rico anti-discrimination statutes, alleging that the defendant-employer discriminated against them at the Roosevelt Roads Naval Station in Puerto Rico.  Id. at 3.  Plaintiffs argued that the federal enclave doctrine was not applicable, because they were employed by a private entity working on the enclave, and not by the government itself.  Id. at 6.  The court disagreed.  It held that although the defendants were private contractors operating under the control of the Department of the Navy, this was irrelevant to the United States' jurisdiction over the land.  Id. at 4-5.  In establishing what appears to be a pure situs test, the Court held that where "a cause of action arises on a federal enclave," it is governed exclusively by federal law.  Id. at 6 (emphasis added). According to the court, "it is the fact that a cause of action arises on a federal enclave, and not for whom the cause of action arises, that determines that the law of the enclave is applicable." Id. (emphasis added) citing Goodyear, 486 U.S. at 179-85.  Because the anti-discrimination laws under which the plaintiffs based their claims were not in effect at the time Roosevelt Roads was created, and because Congress took no "affirmative action" to authorize state regulation over that federal enclave, the plaintiffs' claims were dismissed. Kelly, 25 F. Supp. 2d at 5.

Here, Plaintiffs' claims under the NYSHRL against BSA and the individual Defendants arise solely from the discriminatory practices that allegedly took place on the site of BNL in Upton, New York.  See Complaint.  Plaintiffs do not allege that they performed work, or were subject to Defendants' alleged discriminatory practices, at any other location.

By Deed of Cession dated July 17, 1933, the State of New York transferred the portion of land on which BNL currently sits to the United States.  See Parlo Aff. Ex. B.  In doing so, the State relinquished jurisdiction of the land and established BNL as a federal enclave subject exclusively to Congressional authority under Article I, Section 8, Clause 17 of the Constitution. The State reserved jurisdiction only for the service of criminal and civil process, which exception is irrelevant to the claim currently before the Court.  See James v. Dravo Contracting Co., 302 U.S. 134, 146 (1937) (noting that the reservation of the right of the state to serve criminal and civil process was done to avoid fugitives' use of enclaves as safe havens).

The NYSHRL, under which Plaintiffs' assert their state law claim, was not enacted until 1945.  Since the creation of the federal enclave predates the NYSHRL by twelve years, the NYSHRL cannot apply to BNL since there has been no "clear and unambiguous" Congressional action authorizing its application.  See Paul, 371 U.S. at 268; Kelly, 25 F. Supp. 2d at 4-5. Specifically, there are no statutes that expressly grant the State jurisdiction over the BNL site for the purpose of regulating employment practices.  Id.  In addition, as noted above, the fact that BSA is a private corporation and not a federal entity is of no relevance to the United States' jurisdiction over BNL.  See cases at pp. 5-6, supra.  Accordingly, BNL is immune from state regulation, as held in Goodyear, Kelly, Hutchinson, Miller, Osburn, Koren, Orlevetz, Snow, and other cases.

Accordingly, Plaintiffs' claim against the Defendants in Count Two should be dismissed. See Taylor v. Lockheed Martin Corp., 78 Cal. App. 4th 472, 481 (App. Dist., 2d Div. 2000)

(holding that a race discrimination claim based on a violation of state law was not cognizable against the company or individual defendants employed by the company where the cause of action arose solely on a federal enclave).

**B.    Plaintiff Tardd's NYSHRL Claim Against BSA Is Barred By The Election Of Remedies Doctrine**

Section 297 of the NYSHRL provides aggrieved employees with a choice of remedies for a state law cause of action for employment discrimination.  N.Y. Exec. Law § 297(9).

Specifically, Section 297, the "election of remedies" provision, states in relevant part that:

> "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate . . . <u>unless</u> such person had filed a complaint hereunder or with any local commission on human rights."

<u>Id.</u> (emphasis added).  "'[O]nce a complainant elects the administrative forum by filing a complaint with the [NYSDHR], a subsequent judicial action based on the same complaint is generally barred.'"  <u>Moodie v. Fed. Reserve Bank of N.Y.</u>, 58 F.3d 879, 883 (2d Cir. 1995) (quoting <u>Marine Midland Bank, N.A. v. N.Y. State Div. of Human Rights</u>, 551 N.E.2d 558, 559 (N.Y. 1989)); <u>see also</u> <u>York v. Ass'n of the Bar of the City of N.Y.</u>, 286 F.3d 122, 127 (2d Cir. 2002) ("by the terms of the statute and code [Section 297(9), the NYSHRL] claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court"); <u>Forbes v. S.U.N.Y. at Stony Brook</u>, 259 F. Supp. 2d 227, 235-36 (E.D.N.Y. 2003) (dismissing employee's NYSHRL claims as barred by election of remedies provision where employee previously filed administrative complaint with the NYSDHR); <u>Mahadi v. Johnson Controls, Inc.</u>, No. 02 Civ. 1256, 2003 WL 21244545, at *5 (E.D.N.Y. Apr. 25, 2003) (same).  The single exception to the mutually exclusive nature of the elective remedies is when the Division dismisses a complaint for "administrative convenience."  <u>Moodie</u>, 58 F.3d at 883 (quoting N.Y. Exec. Law § 297(9)).

Indeed, where a plaintiff has filed an administrative complaint with the Division, courts are divested of subject matter jurisdiction over that plaintiff's discrimination claims based on the same incident(s) forming the basis of the administrative complaint.  See, e.g., Moodie, 58 F.3d at 882 (affirming dismissal of NYSHRL claim after holding that employee's election to seek redress of his discrimination claims with the NYSDHR deprived the district court of subject matter jurisdiction); Francis v. Elmsford Sch. Dist., No. 04 Civ. 2687, 2004 WL 17699980, at *3-4 (S.D.N.Y. Aug. 5, 2004) (dismissing plaintiff's age, race and national origin discrimination complaint for lack of subject matter jurisdiction where the plaintiff had previously filed an administrative complaint with the Division alleging age discrimination based on the same facts as in his complaint); James v. City of New York, No. 01 Civ. 30, 2003 WL 21991591, at *5 (S.D.N.Y. Aug. 20, 2003) (granting employer's 12(b)(1) motion to dismiss plaintiff's NYSHRL claims which arose out of same facts upon which his NYSDHR complaint was based); Woodcock v. Montefiore Med. Ctr., 48 F. Supp. 2d 231, 236 (E.D.N.Y. 1999) (granting defendant's 12(b)(1) motion to dismiss plaintiff's NYSHRL claims where plaintiff had previously filed a complaint with the NYSDHR).

Here, Plaintiff Tardd filed a complaint with the NYSDHR regarding the purported discrimination. See Parlo Aff. Ex. D.  Plaintiff Tardd admits that complaint is still pending.  See Complaint ¶ 17.  Because Plaintiff Tardd elected his remedies by filing his discrimination claims with the Division, and has not obtained an administrative convenience dismissal, this Court lacks subject matter jurisdiction over Plaintiff Tardd's NYSHRL claims.  See, e.g., Moodie, 58 F.3d at 882; see also Woodcock, 48 F. Supp. 2d at 236.  The fact that none of the individual Defendants were named as Respondents in the NYSDHR complaint "do[es] not change this result, because the present claims are based on the same facts as the claims raised" in the NYSDHR complaint. Lyman v. City of New York, No. 96 Civ. 2382, 1997 WL 473976, at *4 (S.D.N.Y. Aug. 20,

1997) (holding that election of remedies bans claims against additional defendants not named in the administrative determination).  Accordingly, Plaintiff Tardd's Second cause of action should be dismissed.

## III.   PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS TO STATE A CLAIM

Plaintiffs cannot bring a breach of contract claim against BSA based on an implied or express contract for three reasons:  (1)  Plaintiffs have not identified any written contract that allegedly was breached; (2) in the absence of an actual contract, Plaintiffs allege neither the existence of an express written limitation upon BSA's right to terminate at-will, nor Plaintiffs' reliance upon any such limitation at their time of hire; and (3) Plaintiffs' allegations that BSA violated the terms of the Settlement Agreement are conclusory and insufficient to state a claim.

### A.   Plaintiff Has Failed To State A Cause Of Action Against BSA For Breach Of An Implied Contract Because Plaintiffs Are Or Were Employees At-Will And No Contractual Limit Existed Upon BSA's Right To Take Any Action

Plaintiffs have not alleged the existence of, or attached to the Complaint, any actual contract that they claim was breached.  In addition, Plaintiffs fail to allege facts sufficient to imply or conclude that their employment status with BSA was anything other than at-will, or that any contractual limit existed upon BSA's right to take any actions. Therefore, their breach of contract claim should be dismissed.

Under New York law, absent an express agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at-will terminable at any time by either party. Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81, 85 (2d Cir. 2001); Demicco v. Home Depot USA, Inc., 101 F. Supp. 2d 122, 124 (E.D.N.Y. 2000); DePetris v. Union Settlement Ass'n, 657 N.E.2d 269, 271 (N.Y. 1995); Sabetay v. Sterling Drug Inc., 506 N.E.2d 919, 921 (N.Y. 1987); Martin v. N.Y. Life Ins. Co., 42 N.E. 416, 417 (N.Y. 1895); Diskin v. Consol. Edison Co., 522 N.Y.S.2d 888, 890 (App. Div. 2d Dep't 1987).  Absent a constitutionally impermissible purpose,

a statutory proscription, or an express limitation in an individual contract of employment, an employer has a common law right to terminate an at-will employee at any time for any reason or for no reason.  See Horn v. N.Y. Times, 790 N.E.2d 753, 756 (N.Y. 2003); O'Connor v. Eastman Kodak Co., 481 N.E.2d 549, 550 (N.Y. 1985); Murphy v. Am. Home Prods. Corp., 448 N.E.2d 86, 91 (N.Y. 1983); see also Jones v. Dunkirk Radiator Corp., 21 F.3d 18, 21 (2d Cir. 1994) ("[u]nder New York's employment at-will doctrine, an employer has a nearly unfettered right to discharge an employee").

In Weiner v. McGraw-Hill, Inc., 443 N.E.2d 441 (N.Y. 1982) the New York State Court of Appeals recognized that in extremely limited circumstances, a plaintiff can overcome the at-will presumption and maintain an action for breach of contract.  However, in order to do so, a plaintiff must show that:

> (1) [he or she] was induced to leave his [or her] prior employment by the assurance that his [or her] new employer would not discharge him [or her] without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only.

Diskin, 522 N.Y.S.2d at 890 (citing Weiner, 443 N.E.2d at 445).

The New York Court of Appeals has strictly interpreted this exception, declining to expand or relax its explicit and "difficult pleading burden".  See Sabetay, 506 N.E.2d at 922 (referring to "[s]trict guidelines established in Weiner").  If a plaintiff fails to establish each of the foregoing elements, a contract claim must be dismissed.  See, e.g., Lawson v. N.Y. Billiards Corp., 331 F. Supp. 2d 121, 129 (E.D.N.Y. 2004) (granting motion to dismiss for defendant-employer; plaintiff-employee did not detrimentally rely on the employee manual which is essential in the Weiner analysis); Paolucci v. Adult Retardates Ctr., Inc., 582 N.Y.S.2d 452, 453 (App. Div. 2d Dep't 1992) (affirming motion to dismiss for defendant-employer; neither oral assurances nor general provisions in an employee manual are sufficient to establish a contract

11

claim); Beagan v. Manhattanville Nursing Care Ctr. Inc., 575 N.Y.S.2d 70, 71 (App. Div. 1st

Dep't 1991) (breach of contract claim dismissed); Dalton v. Union Bank of Switz., 520 N.Y.S.2d

764, 766 (App. Div. 1st Dep't 1987) (affirming motion to dismiss breach of contract claim for

defendant-employer); Kotick v. Desai, 507 N.Y.S.2d 217, 218 (App. Div. 2d Dep't 1986)

(breach of contract claim dismissed); Utas v. Power Auth. of N.Y., 466 N.Y.S.2d 390, 391 (App.

Div. 2d Dep't 1983) (affirming motion to dismiss breach of contract claim for defendant-

employer); Leahy v. Fed. Express Corp., 609 F. Supp. 668, 671 (E.D.N.Y. 1985) (directed

verdict for employer on breach of contract claim).

In DePetris v. Union Settlement Ass'n, 657 N.E.2d 269, 270 (N.Y. 1995) the Court of

Appeals affirmed its strict interpretation of the Weiner doctrine in dismissing the plaintiff's

action for wrongful termination based on the defendant-employer's alleged failure to comply

with an employee manual.  The Court explicitly stated: "Mere existence of a written policy,

without the additional elements identified in Weiner, does not limit an employer's right to

discharge an at-will employee or give rise to a legally enforceable claim by the employee against

the employer."  Id. at 271; see also Baron, 271 F.3d at 85 (noting that "employee manuals,

handbooks and policy statements should not lightly be converted into binding employment

contracts") (citations and quotations omitted).  A plaintiff must show the existence of an express

written limitation upon his or her employer's right of discharge and that the plaintiff relied upon

that limitation at the time he or she was hired.  Id.

Here, Plaintiffs have not alleged facts sufficient to establish any element of the Weiner

test.  Specifically, Plaintiffs allege that unspecified terms and statements in BSA's Employee

Handbook "created an implied contract . . . that defendants would not unlawfully discriminate

against the plaintiffs," and that BSA breached this agreement through its alleged discriminatory

and retaliatory actions.  Compl. ¶¶ 178, 181.  Plaintiffs also allege that BSA's offers of

employment contained implied promises that "Plaintiffs would be treated fairly and in good faith and not [sic] discriminated against."  Compl. ¶ 177.  However, Plaintiffs do not allege the existence of any express statements, written or oral, that limited BSA's rights or actions in any way as Weiner requires.  McPherson v. U.S. Clearing Corp., 625 N.Y.S.2d 22 (App. Div. 1st Dep't 1995) ("limitation . . . on an employer's otherwise unfettered right to terminate an employee at will must be express"); Thomas v. Austrian Airlines, 628 N.Y.S.2d 402, 403 (App. Div. 2d Dep't 1995) (right of discharge must be expressly limited).  In the absence of such a limitation there can be no contract.  See Baron, 271 F.3d at 85-86 (holding that none of the policies, manuals or other writings identified by the plaintiffs constituted a "limitation on the . . . right to hire, fire, promote, demote, transfer or take any other employment action. . . .  No understanding by the plaintiffs to the contrary would have been objectively reasonable"); Lawson, 331 F. Supp. 2d 121 at 129 (holding that employee manual did not create a binding and enforceable promise).

Moreover, there is not a single allegation in the Complaint that Plaintiffs were induced to leave any prior employment based upon assurances that BSA would not discriminate or would treat them fairly.  Plaintiffs also do not assert anywhere in their Complaint that any such assurance was incorporated into an employment application.  Finally, Plaintiffs fail to allege that their employment was subject to the provisions of an employee handbook or any manual which provided that dismissal would be for just and sufficient cause only.

Because Plaintiffs have not alleged any express limitation, or that they relied upon any express limitation in accepting their employment, they have failed to plead sufficient facts to support any of the elements required under Weiner.  Therefore, Plaintiffs' breach of contract claim should be dismissed.  Dusé v. Int'l Bus. Machs. Corp., 252 F.3d 151, 158 (2d Cir. 2001) (holding that if there is an absence of sufficient proof as to one essential element of the claim,

any factual disputes with respect to any other elements become immaterial), citing Celotex Corp.

v. Catrett, 477 U.S. 317, 322-23 (1986).

**B.      Plaintiffs Have Failed To State A Cause Of Action For Breach Of Any
Express Contract**

Plaintiff Tardd also alleges that Defendant BSA breached the terms of the Settlement

Agreement into which it and Tardd entered.  Complaint ¶¶ 79-82, 182.  Tardd has failed,

however, to allege any facts sufficient to conclude that BSA violated the Settlement Agreement.

Under New York law, in order to make out a breach of contract claim, a plaintiff must plead and

prove:  (1) the existence of a contract between the plaintiff and defendant; (2) that the contract

identifies the respective obligations of the parties; (3) that the plaintiff performed its obligations;

(4) that the defendant breached its obligations; and (5) damages.  See Cleveland Wrecking Co. v.

Hercules Constr. Corp., 23 F. Supp. 2d 287, 292 (E.D.N.Y. 1998), aff'd, 198 F.3d 233 (2d Cir.

1999).  "Where the language of the contract is clear and unambiguous, the contract is to be given

effect according to its terms."  Dusé, 252 F.3d at 158 (quotations and citations omitted).

Plaintiff Tardd fails to allege even one specific term of the Settlement Agreement that

was breached.  Indeed, to the contrary, Plaintiff Tardd admits that BSA fulfilled its obligations to

him under the Settlement Agreement.  Compl. ¶ 35.  Specifically, Plaintiff Tardd alleges that "as

per the settlement," he was "promoted to a T-4 position" and "received back-pay."  Id.  Those

are the only obligations BSA agreed to fulfill in the Settlement Agreement.  See Settlement

Agreement, Parlo Aff. Ex. C.  Because Plaintiff Tardd does not allege that there were any other

obligations required of BSA by the Settlement Agreement, or that BSA breached any such

obligations, his claim for breach of express contract must be dismissed.

Plaintiff White does not provide any factual support for the allegation that BSA breached

a contractual agreement, either written or oral, which would allow him to "participate in the

policy-making within BNL with regard to addressing issues of racism and discrimination."  See

Compl. ¶ 183.  Merely reciting the elements of a breach of contract claim without offering any

facts to establish even the existence of a contract is insufficient to support such a claim.  See

Packer v. Yampol, 630 F. Supp. 1237, 1241 (S.D.N.Y. 1986) (court need not accept legal

conclusions unsupported by factual allegations).  Thus, having failed to plead any facts which

could establish the necessary elements, Plaintiff White's breach of contract claim must also be

dismissed.

**IV.    ANY CLAIM AGAINST BSA UNDER § 1985(3) SHOULD BE DISMISSED**

It is unclear in the Complaint whether Plaintiffs have asserted a claim against BSA under

42 U.S.C. § 1985(3).  See Complaint ¶¶ 191-199.  If Plaintiffs have, the claim must be dismissed

because:  (1) Plaintiffs have not alleged any cognizable basis for a conspiracy claim, and (2) the

"intracorporate conspiracy doctrine" bars any such a claim.

**A.    Plaintiffs Fail To Allege A Cognizable Basis For Their § 1985(3) Claim**

Section 1985(3) does not create any substantive right.  It only provides a remedy for

conspiracies to violate a person's right to equal protection of the laws.  United Bhd. of

Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983).  To impose liability under §

1985(3), therefore, a plaintiff must allege that two or more defendants conspired to deprive the

plaintiff of the equal protection of the laws, and that the conspiracy was motivated by a racial or

other class-based discriminatory animus.  42 U.S.C. § 1985(3); Scott, 463 U.S. at 828-29; see

also Philippeaux v. N. Cent. Bronx Hosp., 871 F. Supp. 640, 656 (S.D.N.Y. 1994) (same);

Herrmann v. Moore, 576 F.2d 453, 457 (2d Cir. 1978) (holding that proof that a discharged

plaintiff is of a racial minority does not justify an inference that the discharge was motivated by

racial animus).  A complaint that contains only "conclusory, vague, or general allegations of

conspiracy to deprive a person of constitutional rights" will not defeat a motion to dismiss.

Baptiste v. N.Y. City Transit Auth., No. 02 Civ. 6377, 2004 WL 626198, at *6 (S.D.N.Y. Mar.

29, 2004) (holding that a plaintiff must submit <u>specific</u> facts to support his allegations and to

infer that discrimination was intentional).  In addition, because § 1985(3) provides only "a

<u>remedy</u> for violation of the rights it designates," Plaintiffs must state a cognizable legal basis

upon which they can bring such a claim.  <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny</u>, 442

U.S. 366, 372 (1979) (emphasis added); <u>Philippeaux</u>, 871 F. Supp. at 656.

 The United States Supreme Court and the Second Circuit have both held that

employment discrimination claims under Title VII cannot form the basis for a § 1985(3) claim.

<u>See, e.g.</u>, <u>Novotny</u>, 442 U.S. at 378 (holding that Title VII claims for employment discrimination

cannot form the basis of a § 1985(3) claim); <u>Sherlock v. Montefiore Med. Ctr.</u>, 84 F.3d 522, 527

(2d Cir. 1996) (same; <u>quoting</u> <u>Novotny</u>); <u>Mangaroo v. Boundless Techs., Inc.</u>, 253 F. Supp. 2d

390, 402-03 (E.D.N.Y. 2003) (same).  While the Second Circuit has not ruled on the issue, the

Third Circuit and numerous District Courts in the Second Circuit have also refused to allow

violations of § 1981 to form such a basis in the employment context.  <u>See</u> <u>Brown v. Philip Morris</u>

<u>Inc.</u>, 250 F.3d 789, 805-06 (3d Cir. 2001); <u>Jenkins v. Arcade Bldg. Maint.</u>, 44 F. Supp. 2d 524,

532-34 (S.D.N.Y. 1999) (holding that § 1981 claims cannot form the basis for a § 1985(3) claim;

the statutory right against racial harassment in the employment context under § 1981 did not

exist at the time § 1985(3) was passed); <u>Harris v. Niagara Mohawk Power Corp.</u>, No. 95 Civ.

788, 1998 WL 865566, at *6 (N.D.N.Y. Dec. 7, 1998) (holding that § 1985(3) does not create a

separate right of action for claims brought under Title VII or § 1981); <u>Ladson v. Ulltra E.</u>

<u>Parking Corp.</u>, 853 F. Supp. 699, 704 n.6 (S.D.N.Y. 1994) (declining to hold that § 1981 could

form an actionable basis for § 1985(3) claims); <u>Smith v. Local Union 28 Sheet Metal Workers</u>,

877 F. Supp. 165, 172 n.12 (S.D.N.Y. 1995) (claims of employment discrimination by private

employees cannot form the basis of a conspiracy claim under § 1985(3); <u>citing</u> <u>Novotny</u>).  <u>Contra</u>

<u>Rowe Entm't, Inc. v. William Morris Agency, Inc.</u>, No. 98 Civ. 8272, 2000 WL 896929, at *13

(S.D.N.Y. July 6, 2000).  Furthermore, because a claim brought under § 1986 is dependent on a

successful § 1985(3) claim, violations of § 1986 also cannot form the basis for a § 1985(3) claim.

Ladson, 853 F. Supp. at 704.

Here, Plaintiffs have not sufficiently alleged a legal or factual basis upon which a claim

under § 1985(3) would be cognizable.  Plaintiffs' single allegation concerning a conspiracy is

that Defendants "acquiesced and contributed to the conspiracy to violate plaintiffs' rights…and

[to] have Plaintiffs harmed because of their race and color."  Compl. ¶ 196.  Plaintiffs do not

specifically allege any substantive right or law derived from the Constitution which Defendants

allegedly conspired to violate.  In addition, Plaintiffs do not allege a single specific fact with

respect to any conspiracy or BSA's role in any alleged conspiracy, or to support an inference of

intentional discrimination.  Therefore, Plaintiffs' § 1985(3) claim should be dismissed.

Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (holding that "'complaints

containing only conclusory, vague or general allegations'" of conspiracy "'are properly

dismissed'") (citations omitted); Baptiste, 2004 WL 626198, at **6-7.

### B.   Even If Plaintiffs Could Assert An Actionable Basis For A § 1985(3) Claim, The "Intracorporate Conspiracy Doctrine" Bars Any Such Claim

Even if Plaintiffs had alleged a cognizable legal basis upon which to rest their § 1985(3)

claim, and if they had alleged any facts to satisfy Fed.R.Civ.P. 8(a), BSA would still not be liable

under § 1985(3) because the "intracorporate conspiracy doctrine" bars such a claim.

Specifically, the Second Circuit has refused to uphold a claim under § 1985(3) where:  (1) all of

the alleged conspirators worked within a single corporate entity, and (2) the conspirators acted

within the scope of their employment.  See Herrmann, 576 F.2d at 459; Philippeaux, 871 F.

Supp. at 656; see also Girard v. 94th St. and Fifth Ave. Corp., 530 F.2d 66, 70-71 (2d Cir. 1976)

(same; dismissing § 1985(3) claim); Nassau County Employee "L" v. County of Nassau, No. 04

Civ. 1014, 2004 WL 2700067, at *10 (E.D.N.Y. Nov. 29, 2004) (same; dismissing claim);

Johnson v. City of New York, No. 01 Civ. 1860, 2004 WL 502929, at *4 (E.D.N.Y. Jan. 12, 2004) (dismissing § 1985(3) claim); Robins v. Max Mara, U.S.A., Inc., 914 F. Supp. 1006, 1010 (S.D.N.Y. 1996); Platsky v. Kilpatrick, 806 F. Supp. 358, 366 (E.D.N.Y. 1992); Ritzie v. C.U.N.Y., 703 F. Supp. 271, 277-78 (S.D.N.Y. 1989).  Only where individuals within a corporate entity are pursuing their own personal interests "'wholly separate and apart from the entity'" will the courts recognize an exception to this doctrine.  See Nassau County Employee "L", 2004 WL 2700067, at *9 (citation omitted).

Here, Plaintiffs have not alleged that any individuals took any actions against them other than individuals employed by BSA.  Compl. ¶¶ 191-199.  Plaintiffs also have not alleged a single fact to show that any individuals acted outside the scope of their employment with BSA when they allegedly took part in any discriminatory action.  See Complaint.  In fact, all of the individual Defendants are named in their "official and individual capacities."  Id.

Furthermore, even assuming, arguendo, that Plaintiffs had pled a single fact to show that any of the individual Defendants acted outside the scope of their employment, Plaintiffs still fail to state a claim under § 1985(3) absent evidence that each of the Defendants were "'motivated by an independent personal stake.'"  Johnson, 2004 WL 502929, at *5 (citation omitted).  It is not enough that the individuals are motivated by racial animus, nor is the existence of "individual bias [sufficient] without an allegation of a personal stake."  Id.; see also Robins, 914 F. Supp. at 1010-11 (granting motion to dismiss § 1985(3) claim as there was no evidence the defendants were acting for their own personal interest).  Plaintiffs have not pled a single fact demonstrating that any individual had a personal stake in furthering some interest of his or her own.  In fact, Plaintiffs' only allegation as to the individual Defendants' alleged participation in a conspiracy, as referenced in Section II.C.1., is "conclusory, vague [and] general."  Baptiste, 2004 WL 626198, at *6; see also Williams v. Reilly, 743 F. Supp. 168, 173-74 (S.D.N.Y. 1990) (holding

that vague, general or conclusory allegations of a conspiracy are not enough).  Having failed to plead any facts concerning the existence of a conspiracy, Plaintiffs' claim against BSA should be dismissed.

## V.      ANY CLAIM AGAINST BSA UNDER § 1986 SHOULD BE DISMISSED

It is unclear in the Complaint whether Plaintiffs have asserted a claim against BSA under 42 U.S.C. § 1986.  See Complaint ¶¶ 191-199.  If Plaintiffs have, the claim must be dismissed because there can be no violation of § 1986 without a violation of § 1985(3).  Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (dismissing § 1986 claim based on the failure to state a claim for relief under § 1985(3)); Cameron v. Church, 253 F. Supp. 2d 611, 623-24 (S.D.N.Y. 2003) (same); Baines v. Masiello, 288 F. Supp. 2d 376, 394-95 (W.D.N.Y. 2003) (same); Smith v. Metro N. Commuter R.R., No. 98 Civ. 2528 (RWS), 2000 WL 1449865, at *7 (S.D.N.Y. Sept. 29, 2000) (same); Baptiste, 2004 WL 626198, at *7 (holding that the success of a plaintiff's claim brought under § 1986 is dependent upon the success of his § 1985(3) claim); Dwares v. City of New York, 985 F.2d 94, 101 (2d Cir. 1993) (holding that liability under § 1986 is dependent on the validity of a claim under § 1985(3)); Jews for Jesus, Inc. v. Jewish Cmty. Relations Council, 968 F.2d 286, 292 (2d Cir. 1992) (same).  Because Plaintiffs have failed to state a claim under § 1985(3), as discussed above, Plaintiffs' § 1986 claim should also be dismissed.

Moreover, even if Plaintiffs had stated a claim under § 1985(3), they have not alleged sufficient facts to state a claim under § 1986.  A "person" is liable under § 1986 only where he or she has actual knowledge of the discrimination that is prohibited by § 1985(3) – a conspiracy – and fails to prevent it from occurring.  See Cameron, 253 F. Supp. 2d at 623-24 (same); Baines, 288 F. Supp. 2d at 394 (same); Smith, 2000 WL 1449865, at *7 (same).

Here, Plaintiffs have done nothing more than repeat the elements of a § 1986 claim without offering a single fact to show that BSA or any of the individual Defendants: (1) had knowledge of an actual conspiracy to discriminate, (2) had the power to prevent or aid in preventing the commission of a conspiracy, and (3) did nothing about it. Accordingly, Plaintiffs' § 1986 claim should be dismissed for this reason as well. See Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 101 (E.D.N.Y. 2004) (holding that a claim consisting of "'only the barest of conclusory allegations,'" unsupported by factual allegations, cannot withstand a motion to dismiss) (citation omitted); Packer, 630 F. Supp. at 1241 (court need not accept legal conclusions unsupported by factual allegations); M & M Transp. Co. v. U.S. Indus., Inc., 416 F. Supp. 865, 868 n.4 (S.D.N.Y. 1976) (for purposes of a motion to dismiss, the only allegations whose truth is to be accepted are allegations of existing facts; there is no warrant for an assumption of the truth or accuracy of a complaint's legal conclusions).

## VI. PLAINTIFF TARDD'S CLAIMS CONCERNING ACTIONS OCCURRING PRIOR TO THE SETTLEMENT AGREEMENT ARE BARRED AND SHOULD BE DISMISSED

A court will dismiss a plaintiff-employee's claims against a defendant-employer where there exists a written settlement agreement releasing the employer from all claims up to the time at which the agreement is entered. See Warden v. E.R. Squibb & Sons, Inc., 840 F. Supp. 203, 205-06 (E.D.N.Y. 1993) (granting motion for summary judgment on the grounds that the plaintiff validly released the defendant from discrimination claims under the express terms of a settlement agreement). Plaintiff Tardd released Defendants from any and all claims he may have against them up to the date on which the parties (including Plaintiff Tardd) entered into the Settlement Agreement. See Parlo Aff. Ex. C. Therefore, all of the claims against BSA and the individual defendants arising prior to that date should be dismissed.

The Settlement Agreement signed by Plaintiff Tardd "forever release[d] and discharge[d] [BNL] and its . . . employees from any and all claims, demands, causes of action, liabilities of any kind . . . which [Plaintiff Tardd] had, or may have against [BNL or its employees] up to the date on which [Plaintiff Tardd] sign[ed] the Agreement." Parlo Aff. Ex. C, ¶ 5. Through the Settlement Agreement, Plaintiff Tardd also released BNL and its employees from "any and all claims . . . which [he] ever had, now ha[s], or may have against [BNL or its employees] arising out of [his] employment up to the date on which [he] sign[ed] the Agreement." Parlo Aff.  Ex. C, ¶ 6.  Plaintiff Tardd signed the Settlement Agreement on August 2, 2001.  To the extent that Plaintiff Tardd has any claims based on incidents occurring prior to August 2, 2001, all such claims are barred by the Settlement Agreement and, therefore, should be dismissed.

## VII.   PLAINTIFF TARDD AND PLAINTIFF WHITE'S TITLE VII CLAIMS THAT PRE-DATE JUNE 5, 2001 AND AUGUST 31, 2002, RESPECTIVELY, ARE TIME-BARRED

Under Title VII, a plaintiff must file his EEOC charge within 300 days after his claims accrued.  42 U.S.C. § 2000e-5(e)(1).  See also Quinn v. Green Tree Credit Corp., 159 F.3d 759, 763 (2d Cir. 1998); Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993) (affirming dismissal of two promotion claims as time-barred) aff'd, 173 F.3d 843 (2d Cir. 1999).  "This [300-day] requirement functions as a statute of limitations . . . in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court." Quinn, 159 F.3d at 765.  Furthermore, the Supreme Court recently held that "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 112 (2002).  Thus, any alleged discrete discriminatory acts "which occurred more than 300 days before plaintiff[s] filed [their] administrative charge[s] with the EEOC" are time-barred and should be dismissed. Samuel v. Merrill Lynch Pierce Fenner & Smith, 771 F. Supp. 47, 48

(S.D.N.Y. 1991) (dismissing four of six promotion claims as untimely); <u>Bawa v. Brookhaven</u> <u>Nat'l Lab., Associated Univ. Inc.</u>, 968 F. Supp. 865, 868 (E.D.N.Y. 1997) (dismissing plaintiff's Title VII claims that pre-dated 300 days before the filing of his EEOC charge), <u>aff'd</u>, No. 97-9471, 1999 U.S. App. LEXIS 34074 (2d Cir. Dec. 23, 1999); <u>Butts</u>, 990 F.2d at 1401.

Plaintiff Tardd filed his original EEOC charge on April 1, 2002, later amending it on May 21, 2002 and March 30, 2004. <u>See</u> Parlo Aff. Ex. E. Therefore, any alleged conduct that took place before June 5, 2001 (<u>i.e.</u>, more than 300 days before April 1, 2002) is time-barred and cannot form the basis for Plaintiff Tardd's Title VII claim.

Plaintiff White filed his EEOC charge on June 24, 2003. <u>See</u> Parlo Aff. Ex. F. Therefore, any alleged conduct that took place before August 28, 2002 (<u>i.e.</u>, more than 300 days before June 24, 2003), is time-barred and cannot form the basis for Plaintiff White's Title VII claim.

Accordingly, any claims by Plaintiffs Tardd and White relating to conduct that allegedly occurred before June 5, 2001 and August 28, 2002, respectively, are time-barred and should be dismissed.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs' claim against Defendants under the New York State Human Rcights Law, Plaintiffs' breach of contract claim against BSA, and all of Plaintiffs' untimely Title VII claims should be dismissed.

Dated: New York, New York
      March 7, 2005

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
     Christopher A. Parlo (CP-4310)

101 Park Avenue
New York, New York 10178
Tel.: (212) 309-6000
Fax: (212) 309-6001

Attorneys for Defendants