**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
Tel.: (212) 309-6000
Fax: (212) 309-6273

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MALRY TARDD and OTTO WHITE,
                              :

         Plaintiffs,            :      Case No. CV-04-3262
                              :           (ADS) (ARL)

        -against-          :

BROOKHAVEN NATIONAL LABORATORY, a.k.a.
and/or d/b/a BROOKHAVEN SCIENCE ASSOCIATES, :
CONRAD FORSTER, in his individual and official    :
capacity; MICHAEL GOLDMAN, in his individual and  :      ***ELECTRONICALLY FILED***
official capacity; WILLIAM HEMPFLING, in his official :
and individual capacity; SUE FOSTER, in her official and :
individual capacity; WALTER DEBOER, in his official   :
and individual capacity; STEVE DIERKER, in his official :
and individual capacity; ED HAAS, in his official and   :
individual capacity; MICHAEL CARUSO, in his official  :
and individual capacity; MICHAEL BEBON, in his official:
and individual capacity; DEREK LOWENSTEIN, in his  :
official and individual capacity; WILLIAM GUNTER, in :
his official and individual capacity; THOMAS           :
SHERIDAN, in his official and individual capacity;    :
PETER PAUL, in his official and individual capacity;   :
KENNETH BROG, in his official and individual capacity, :

                               :
         Defendants.         :

-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT WILLIAM GUNTHER'S MOTION TO DISMISS

**Of Counsel:**

Christopher A. Parlo (CP-4310)

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT ...................................................................................................... 2

I.  STANDARD OF REVIEW ............................................................................ 2

II.  PLAINTIFFS' RACE DISCRIMINATION CLAIMS AGAINST MR.
GUNTHER MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO
STATE A CLAIM UNDER WHICH HE COULD BE LIABLE ...................................... 3

    A.  Plaintiffs' NYSDHR Claim Against Mr. Gunther Should Be Dismissed
Because It Fails To State A Claim ......................................................... 3

        1.  Plaintiffs Have Failed To State A Claim Against Mr. Gunther
Because He Is Not Plaintiffs' "Employer" Under NYSHRL
Section 296(1) ........................................................................... 3

        2.  Plaintiff Tardd's NYSHRL Claim Against Mr. Gunther Is Barred
By The Election Of Remedies Doctrine ......................................... 6

    B.  Plaintiffs' § 1981 Claim Against Mr. Gunther Should Be Dismissed
Because It Fails To State A Claim ......................................................... 8

        1.  Plaintiffs' § 1981 Claim Should Be Dismissed Because
Mr. Gunther Cannot Be Held Individually Liable ........................... 8

        2.  Plaintiffs' § 1981 Claim Must Also Be Dismissed Because
Plaintiffs Have Failed To Sufficiently Allege Any Facts Upon
Which A Finding of Intentional Discrimination Could Be Based ...... 9

    C.  Plaintiffs' § 1985(3) Claim Against Mr. Gunther Should Be Dismissed
Because It Fails To State A Claim ......................................................... 9

        1.  Plaintiffs Fail To Allege A Cognizable Basis For Their § 1985(3)
Claim ...................................................................................... 10

        2.  Even If Plaintiffs Could Assert An Actionable Basis For A §
1985(3) Claim, The "Intracorporate Conspiracy Doctrine" Bars
Any Such Claim ...................................................................... 12

    D.  The § 1986 Claim Against Mr. Gunther Should Be Dismissed Because It
Fails To State A Claim ...................................................................... 13

    E.  Any Claim Against Mr. Gunther Under Title VI Should Be Dismissed ............ 15

III.  PLAINTIFFS HAVE FAILED TO SUFFICIENTLY STATE AN ACTIONABLE
CLAIM AGAINST MR. GUNTHER UNDER ANY STATUTE BECAUSE
THEY HAVE NOT ALLEGED ANY DISCRIMINATORY ACTS BY HIM .............. 16

CONCLUSION ................................................................................................. 18

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Baines v. Masiello,
288 F. Supp. 2d 376 (W.D.N.Y. 2003) ............................................................................14

Bass v. E.I. Dupont de Nemours & Co.,
324 F.3d 761 (4th Cir. 2003), cert. denied, 540 U.S. 940 (2003) ........................16, 17, 18

Brass v. Am. Film Techs., Inc.,
987 F.2d 142, 150 (2d Cir. 1993) .....................................................................................3

Brown v. Philip Morris Inc.,
250 F.3d 789 (3d Cir. 2001) .............................................................................................11

Burnette v. Carothers,
192 F.3d 52 (2d Cir. 1999) ................................................................................................2

Cameron v. Church,
253 F. Supp. 2d 611 (S.D.N.Y. 2003) ..............................................................................14

Carrasco v. N.Y.  City Off-Track Betting Corp.,
858 F. Supp. 28 (S.D.N.Y. 1994), aff'd, 50 F.3d 3 (2d Cir. 1995) .....................................2

Carter v. Dutchess Cmty. Coll.,
735 F.2d 8 (2d Cir. 1984) ..................................................................................................5

Cerrato v. Durham,
941 F. Supp. 388 (S.D.N.Y. 1996) .....................................................................................5

Ciambriello v. County of Nassau,
292 F.3d 307 (2d Cir. 2002) ..............................................................................................12

Conley v. Gibson,
355 U.S. 41 (1957) ...............................................................................................................2

Dwares v. City of New York,
985 F.2d 94 (2d Cir. 1993) .................................................................................................14

Educadores Puertorriquenos en Accion v. Hernandez,
367 F.3d 61 (1st Cir. 2004) .................................................................................................17

Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP,
332 F. Supp. 2d 592 (S.D.N.Y. 2004) ..............................................................................8, 9

Folkes v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech.,
214 F. Supp. 2d 273 (E.D.N.Y. 2002) ...........................................................................15

Forbes v. S.U.N.Y. at Stony Brook,
259 F. Supp. 2d 227 (E.D.N.Y. 2003) .............................................................................6

Gagliardi v. Village of Pawling,
18 F.3d 188 (2d Cir. 1994).............................................................................................13

Girard v. 94th St. and Fifth Ave. Corp.,
530 F.2d 66 (2d Cir. 1976).............................................................................................12

Great Am. Fed. Sav. & Loan Ass'n v. Novotny,
442 U.S. 366 (1979)..................................................................................................10, 11

Herrmann v. Moore,
576 F.2d 453 (2d Cir. 1978).....................................................................................10, 12

Hishon v. King & Spalding,
467 U.S. 69 (1984)...........................................................................................................2

Jackson v. Bell South Telecomms.,
372 F.3d 1250 (11th Cir. 2004) ...............................................................................16, 17

Jenkins v. Arcade Bldg. Maint.,
44 F. Supp. 2d 524 (S.D.N.Y. 1999)..............................................................................11

Jews for Jesus, Inc. v. Jewish Cmty. Relations Council,
968 F.2d 286 (2d Cir. 1992)...........................................................................................14

Ladson v. Ulltra E. Parking Corp.,
853 F. Supp. 699 (S.D.N.Y. 1994).................................................................................11

M & M Transp. Co. v. U.S. Indus., Inc.,
416 F. Supp. 865 (S.D.N.Y. 1976).................................................................................15

Mangaroo v. Boundless Techs., Inc.,
253 F. Supp. 2d 390 (E.D.N.Y. 2003) ...........................................................................10

Marsh v. Butler County, Ala.,
268 F.3d 1014 (11th Cir. 2001) ......................................................................................17

Moodie v. Fed. Reserve Bank of N.Y.,
58 F.3d 879 (2d Cir. 1995)...........................................................................................6, 7

Packer v. Yampol,
630 F. Supp. 1237 (S.D.N.Y. 1986).................................................................14

Perks v. Town of Huntington,
251 F. Supp. 2d 1143 (E.D.N.Y. 2003) ............................................................4

Philippeaux v. N. Cent. Bronx Hosp.,
871 F. Supp. 640 (S.D.N.Y. 1994)............................................................10, 12

Platsky v. Kilpatrick,
806 F. Supp. 358 (E.D.N.Y. 1992) .................................................................12

Ritzie v. C.U.N.Y.,
703 F. Supp. 271 (S.D.N.Y. 1989)..................................................................12

Robins v. Max Mara, U.S.A., Inc.,
914 F. Supp. 1006 (S.D.N.Y. 1996)...........................................................12, 13

Sherlock v. Montefiore Med. Ctr.,
84 F.3d 522 (2d Cir. 1996).............................................................................10

Smith v. Local Union 28 Sheet Metal Workers,
877 F. Supp. 165 (S.D.N.Y. 1995)..................................................................11

Straker v. Metro. Transit Auth.,
333 F. Supp. 2d 91 (E.D.N.Y. 2004) ...................................................14, 16, 17

Swierkiewicz v. Sorema N.A.,
534 U.S. 506 (2002).................................................................................2, 16

Thomas v. Westchester County Health Care Corp.,
232 F. Supp. 2d 273 (S.D.N.Y. 2002).............................................................17

Tufano v. One Toms Point Lane Corp.,
64 F. Supp. 2d 119 (E.D.N.Y. 1999) ................................................................2

United Bhd. of Carpenters, Local 610 v. Scott,
463 U.S. 825 (1983).......................................................................................10

Whidbee v. Garzarelli Food Specialties, Inc.,
223 F.3d 62 (2d Cir. 2000)...............................................................................8

Williams v. Reilly,
743 F. Supp. 168 (S.D.N.Y. 1990)..................................................................13

iv

Woodcock v. Montefiore Med. Ctr.,
48 F. Supp. 2d 231 (E.D.N.Y. 1999) ................................................................... 7

York v. Ass'n of Bar of City of N. Y.,
286 F.3d 122 (2d Cir. 2002) ................................................................................. 6

## STATE CASES

Patrowich v. Chem. Bank,
473 N.E.2d 11 (N.Y. 1984) ................................................................................... 4

Priore v. N.Y. Yankees,
761 N.Y.S.2d 608 (App. Div. 1st Dep't 2003) ................................................... 4, 5

Tumminello v. City of New York,
622 N.Y.S.2d 714 (App. Div. 1st Dep't 1995) ....................................................... 4

Young v. Geoghegan,
673 N.Y.S.2d 89 (App. Div. 1st Dep't 1998) ......................................................... 4

## DOCKETED CASES

Baptiste v. N.Y. City Transit Auth.,
No. 02 Civ. 6377, 2004 WL 626198 (S.D.N.Y. Mar. 29, 2004) ............. 10, 12, 13, 14

Bayon v. S.U.N.Y. at Buffalo,
No. 98 Civ. 0578, 2001 WL 135817 (W.D.N.Y. Feb. 15, 2001) ........................... 15

Cohen v. Brookwood Childcare Agency's Employees,
No. 01 Civ. 162, 2001 WL 1646529 (E.D.N.Y. Dec. 14, 2001) ........................... 15

Francis v. Elmsford Sch. Dist.,
No. 04 Civ. 2687, 2004 WL 1769980 (S.D.N.Y. Aug. 5, 2004) ............................. 7

Harris v. Niagra Mohawk Power Corp.,
No. 95 Civ. 788, 1998 WL 865566 (N.D.N.Y. 1998) .......................................... 11

James v. City of New York,
No. 01 Civ. 30, 2003 WL 21991591 (S.D.N.Y. Aug. 20, 2003) ............................. 7

Johnson v. City of New York,
No. 01 Civ. 1860, 2004 WL 502929 (E.D.N.Y. Jan. 12, 2004) ........................ 12, 13

Lyman v. City of New York,
96 Civ. 2382, 1997 WL 473976 (S.D.N.Y. Aug. 20, 1997) ................................... 7

Mahadi v. Johnson Controls, Inc.,
No. 02 Civ. 1256, 2003 WL 21244545 (E.D.N.Y. Apr. 25, 2003).......................................6

Marshall v. Nat'l Ass'n of Letter Carriers,
No. 00 Civ. 3167, 2003 WL 223563 (S.D.N.Y. Feb. 3, 2003) .........................................17

Nassau County Employee "L" v. County of Nassau,
No. 04 Civ. 1014, 2004 WL 2700067 (E.D.N.Y. Nov. 29, 2004) .....................................12

Rowe Entm't, Inc. v. William Morris Agency, Inc.,
No. 98 Civ. 8272, 2000 WL 896929 (S.D.N.Y. July 6, 2000) .........................................11

Smith v. Metro N. Commuter R.R.,
No. 98 Civ. 2528 (RWS), 2000 WL 1449865 (S.D.N.Y. Sept. 29, 2000).........................14

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A. - Petrobras,
No. 98 Civ. 3099, 2001 WL. 300735 (S.D.N.Y. 2001) .......................................................2

Whyte v. Contemporary Guidance Servs., Inc.,
No. 03 Civ. 5544, 2004 WL 1497560 (S.D.N.Y. July 2, 2004) ........................................18

## RULES & STATUTES

Fed. R. Civ. P. 8(a) ...................................................................................................12

Fed. R. Civ. P. 12(b)(6)................................................................................................1

Fed. R. Civ. P. 12(c) ................................................................................................1, 2

42 U.S.C. § 1981 .....................................................................................................1, 3

42 U.S.C. § 1981(a) ....................................................................................................8

42 U.S.C. § 1985(3) ............................................................................................1, 3, 10

42 U.S.C. § 1986.........................................................................................................3

42 U.S.C. § 2000d ......................................................................................................15

N.Y. Exec. Law § 296(1) .........................................................................................3, 4

N.Y. Exec. Law § 297(9) ............................................................................................3

## PRELIMINARY STATEMENT

Defendant William Gunther (misidentified in the Complaint as "William Gunter"), by and through his attorneys, Morgan, Lewis & Bockius LLP, hereby moves the Court under Fed. R. Civ. P. 12(b)(6) and 12(c) to dismiss the claims against him in the Complaint of Malry Tardd and Otto White (the "Plaintiffs"), for failure to state a claim upon which relief can be granted. Specifically, Mr. Gunther urges this Court to dismiss Plaintiffs' claims under the New York State Human Rights Law ("NYSHRL") (Count Two), 42 U.S.C. Section 1981 ("§ 1981") (Count Five), and 42 U.S.C. Sections 1985(3) and 1986 ("§ 1985(3)" and "§ 1986") (Count Six). Plaintiffs have not alleged a single fact or legal basis to properly name Mr. Gunther in a lawsuit, or to hold him individually liable. Accordingly, Mr. Gunther's motion should be granted in its entirety, and he should be dismissed from the case with prejudice.

## STATEMENT OF FACTS

In 1996, Plaintiff Tardd filed a complaint against Brookhaven National Laboratory ("BNL") with the New York State Division of Human Rights ("NYSDHR") alleging race discrimination. The claim was resolved, and the parties (including Tardd) entered into a binding settlement agreement in August 2001 (the "Settlement Agreement"). A copy of the Settlement Agreement is attached to the Affidavit of Christopher A. Parlo, dated February 25, 2005 (the "Parlo Aff."), as Exhibit ("Ex.") A. On July 28, 2004, Plaintiff Tardd filed his Second Amended Complaint (the "Complaint" or "Compl."), alleging that BNL and all of the individually named Defendants retaliated and discriminated against him. See Complaint, Parlo Aff. Ex. B. Plaintiffs failed to inform the Court, however, of the existence of the Settlement Agreement, or of a single fact that could allow a valid claim to be brought against Mr. Gunther.

## ARGUMENT

## I.   STANDARD OF REVIEW

The standard for determining whether to grant a motion for judgment on the pleadings under to Fed. R. Civ. P. 12(c) is the same as that governing a motion to dismiss made under Rule 12(b)(6).  See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must accept all well-pleaded factual assertions in the complaint as true, and draw all inferences in favor of the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Tufano v. One Toms Point Lane Corp., 64 F. Supp. 2d 119, 122-23 (E.D.N.Y. 1999).  A district court should grant a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), however, if it appears beyond doubt that the non-moving party could prove no set of facts that would entitle it to relief. Hishon, 467 U.S. at 73.  Stated another way, a court should dismiss a complaint "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon, 467 U.S. at 73) (emphasis supplied).  Where a plaintiff alleges violations of a civil rights statute in the complaint, the allegations must address specific violations, and not merely "'a litany of general conclusions that shock but have no meaning.'"  Tufano, 64 F. Supp. 2d at 123 (quoting Barr v. Abrams, 810 F.2d 358, 363 (2d Cir. 1987)).

To determine if a claim is legally sufficient, a court may consider as part of the complaint any documents or statements attached to the complaint or incorporated in it by reference, any "matters of which judicial notice may be taken," and documents either in a plaintiff's possession or of which a plaintiff had knowledge and relied upon in bringing suit.  U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A. – Petrobras, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. 2001) (citations omitted);  Carrasco v. N.Y. City Off-Track Betting Corp., 858 F. Supp. 28, 30

(S.D.N.Y. 1994), aff'd, 50 F.3d 3 (2d Cir. 1995) (citing Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993)).

## II.   PLAINTIFFS' RACE DISCRIMINATION CLAIMS AGAINST MR. GUNTHER MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM UNDER WHICH HE COULD BE LIABLE

Plaintiffs allege that Mr. Gunther should be personally liable for allegedly discriminatory conduct under:  (1) § 296 of the NYSHRL; (2) 42 U.S.C. § 1981; (3) 42 U.S.C. § 1985(3); and (4) 42 U.S.C. § 1986.  Plaintiffs, however, give no explanation at all of the legal theory upon which such individual liability could possibly be based, and provide no facts which could be analyzed under any possible legal theory.  Because Plaintiffs fail to allege sufficient facts to hold an individual liable under any of the statutes identified in the Complaint, their claims against Mr. Gunther should be dismissed.

### A.   Plaintiffs' NYSDHR Claim Against Mr. Gunther Should Be Dismissed Because It Fails To State A Claim

Plaintiffs cannot bring a claim against Mr. Gunther under the NYSHRL because:  (1) Mr. Gunther is not an "employer" under Section 296(1) of the NYSHRL, and (2) Plaintiff Tardd's NYSHRL claims are barred under the N.Y. Exec. Law § 297(9), by the doctrine of election of remedies.  Accordingly, the Second Count of Plaintiffs' Complaint should be dismissed.

#### 1.   Plaintiffs Have Failed To State A Claim Against Mr. Gunther Because He Is Not Plaintiffs' "Employer" Under NYSHRL Section 296(1)

Mr. Gunther cannot be personally liable as an "employer" under the NYSHRL and, therefore, Plaintiffs' state law claim should be dismissed.

Section 296(1) of the NYSHRL prohibits "an employer" from discriminating against individuals in the terms, conditions or privileges of their employment on the basis of their "race" or "color," or any other protected category.  N.Y. Exec. Law § 296(1)(a).  Although the term "employer" is not defined in the NYSHRL, the New York Court of Appeals has clarified that,

3

under 296(1), a "corporate employee, though he has a title as an officer and is the manager or supervisor of a corporate division," is <u>not</u> individually subject to suit with respect to discrimination <u>unless</u>:  (1) the individual defendant has "an ownership interest" in the corporate employer, or (2) the individual defendant has the authority "to do more than carry out personnel decisions made by others." <u>Patrowich v. Chem. Bank</u>, 473 N.E.2d 11, 12 (N.Y. 1984).  If an employee does not fall into one of these two categories, he or she cannot be held personally liable under NYSHRL § 296(1).  <u>Perks v. Town of Huntington</u>, 251 F. Supp. 2d 1143, 1160 (E.D.N.Y. 2003) (dismissing claims against an individual defendant under § 296(1) where the individual had no power to hire or fire the plaintiff); <u>Priore v. N.Y. Yankees</u>, 761 N.Y.S.2d 608, 614 (App. Div. 1st Dep't 2003) (holding that for a co-employee to be found personally liable, he must do more than carry out the personnel decisions of others); <u>Young v. Geoghegan</u>, 673 N.Y.S.2d 89, 89-90 (App. Div. 1st Dep't 1998) (affirming dismissal of discrimination claim against individual defendant that did not have an ownership interest in the corporate defendant or power over personnel matters); <u>Tumminello v. City of New York</u>, 622 N.Y.S.2d 714, 715 (App. Div. 1st Dep't 1995) (affirming grant of motion to dismiss discrimination claim against an individual defendant where the individual defendant was plaintiff's co-employee, not her employer).

The Court of Appeals in <u>Patrowich</u> explained its conclusion by noting that the test for individual liability under § 296(1) is based on "economic reality", <u>i.e.</u>, whether an individual is truly a plaintiff's employer rather than merely another employee in a supervisory role *vis-à-vis* the plaintiff.  <u>Patrowich</u>, 473 N.E.2d at 13.  In determining whether this "economic reality" test is met, courts consider whether the individual employee:  (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of

employment; (3) determined the rate and method of payment; and (4) maintained employment records. See, e.g., Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984).

Here, Plaintiffs have not alleged that Mr. Gunther was a supervisor or had any "ownership interest" in BNL, or that Mr. Gunther had the authority to do more than carry out the decisions of others. See Complaint. Indeed, they have not even alleged that he could do that. Id. Plaintiffs have only alleged that Mr. Gunther was a member of a selection committee for the position of Assistant Lab Director. They have not alleged that Mr. Gunther had the individual authority to promote Plaintiff White to such a position. Plaintiffs have also not alleged a single fact to satisfy any factor of the economic reality test, or alleged any other reason why Mr. Gunther may be held liable as an employer. See Complaint. Plaintiffs have not alleged that Mr. Gunther hired them, or that he had the authority to hire or fire them or anyone else. Instead, in the Complaint, Plaintiffs refer to the actions of BNL with respect to every decision. See, e.g., Compl. ¶ 146 ("BNL did not select him for the Assistant Lab Director position."), ¶ 149 ("BNL has…refused to hire…"), ¶ 150 ("BNL refused to promote…").

As Mr. Gunther was not an "owner," and as Plaintiffs have not even pleaded that Mr. Gunther had the power "to do more than simply carry out the personnel decisions made by others" (see Priore, 761 N.Y.S.2d at 614 (internal citation omitted)), they have failed to state a claim upon which Mr. Gunther may be held liable under § 296(1). Accordingly, the Second Count against Mr. Gunther should be dismissed. Cerrato v. Durham, 941 F. Supp. 388, 396-97 (S.D.N.Y. 1996) (granting motion to dismiss NYSHRL claim against individual manager for failure to state a claim where plaintiff did not allege that she occupied a position of authority with regard to plaintiff's hiring or firing.)

**2.      Plaintiff Tardd's NYSHRL Claim Against Mr. Gunther Is Barred By The Election Of Remedies Doctrine**

Section 297 of the NYSHRL provides aggrieved employees with a choice of remedies for a state law cause of action for employment discrimination.  N.Y. Exec. Law § 297(9).

Specifically, Section 297, the "election of remedies" provision, states in relevant part that:

> "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate . . . <u>unless</u> such person had filed a complaint hereunder or with any local commission on human rights."

<u>Id.</u> (emphasis added).  "'[O]nce a complainant elects the administrative forum by filing a complaint with the [NYSDHR], a subsequent judicial action based on the same complaint is generally barred.'"  <u>Moodie v. Fed. Reserve Bank of N.Y.</u>, 58 F.3d 879, 883 (2d Cir. 1995) (quoting <u>Marine Midland Bank, N.A. v. New York State Div. of Human Rights</u>, 551 N.E.2d 558, 559 (N.Y. 1989)); <u>see also</u> <u>York v. Ass'n of the Bar of the City of N.Y.</u>, 286 F.3d 122, 127 (2d Cir. 2002) ("by the terms of the statute and code [Section 297(9), the NYSHRL] claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court"); <u>Forbes v. State Univ. of N.Y. at Stony Brook</u>, 259 F. Supp. 2d 227, 235-36 (E.D.N.Y. 2003) (dismissing employee's NYSHRL claims as barred by election of remedies provision where employee previously filed administrative complaint with the NYSDHR); <u>Mahadi v. Johnson Controls, Inc.</u>, No. 02 Civ. 1256, 2003 WL 21244545, at *5 (E.D.N.Y. Apr. 25, 2003) (same). The single exception to the mutually exclusive nature of the elective remedies is when the Division dismisses a complaint for "administrative convenience."  <u>Moodie</u>, 58 F.3d at 883 (<u>quoting</u> N.Y. Exec. Law § 297(9)).

Indeed, where a plaintiff has filed an administrative complaint with the Division, courts are divested of subject matter jurisdiction over that plaintiff's discrimination claims based on the same incident(s) forming the basis of the administrative complaint.  <u>See, e.g.</u>, <u>Moodie</u>, 58 F.3d at

6

882 (affirming dismissal of NYSHRL claim after holding that employee's election to seek redress of his discrimination claims with the NYSDHR deprived the district court of subject matter jurisdiction); Francis v. Elmsford Sch. Dist., No. 04 Civ. 2687, 2004 WL 17699980, at *3-4 (S.D.N.Y. Aug. 5, 2004) (dismissing plaintiff's age, race and national origin discrimination complaint for lack of subject matter jurisdiction where the plaintiff had previously filed an administrative complaint with the Division alleging age discrimination based on the same facts as in his complaint); James v. City of New York, No. 01 Civ. 30, 2003 WL 21991591, at *5 (S.D.N.Y. Aug. 20, 2003) (granting employer's 12(b)(1) motion to dismiss plaintiff's NYSHRL claims which arose out of same facts upon which his NYSDHR complaint was based); Woodcock v. Montefiore Med. Ctr., 48 F. Supp. 2d 231, 236 (E.D.N.Y. 1999) (granting defendant's 12(b)(1) motion to dismiss plaintiff's NYSHRL claims where plaintiff had previously filed a complaint with the NYSDHR).

Here, Plaintiff Tardd filed a complaint with the NYSDHR regarding purported discrimination. See Parlo Aff. Ex. C. Plaintiff Tardd admits that complaint is still pending. See Complaint ¶ 17. Because Plaintiff Tardd elected his remedies by filing his discrimination claims with the Division, and has not obtained an administrative convenience dismissal, this Court lacks subject matter jurisdiction over Plaintiff Tardd's NYSHRL claims. See, e.g., Moodie, 58 F.3d at 882; see also Woodcock, 48 F. Supp. 2d at 236. The fact that none of the individual Defendants were named as Respondents in the NYSDHR complaint "do[es] not change this result, because the present claims are based on the same facts as the claims raised" in the NYSDHR complaint. Lyman v. City of N.Y., No. 96 Civ. 2382, 1997 WL 473976, at *4 (S.D.N.Y. Aug. 20, 1997) (holding that election of remedies bans claims against additional defendants not named in the

administrative determination).   Accordingly, Plaintiff Tardd's Second cause of action should be dismissed.

**B.     Plaintiffs' § 1981 Claim Against Mr. Gunther Should Be Dismissed Because It Fails To State A Claim**

Plaintiffs have failed to allege that Mr. Gunther's conduct is "affirmatively linked" to any discriminatory action sufficient to hold him individually liable, or that Mr. Gunther intentionally engaged in any discriminatory act because of Plaintiffs' race.   Accordingly, Plaintiffs' § 1981 claim should be dismissed.

**1.     Plaintiffs' § 1981 Claim Should Be Dismissed Because Mr. Gunther Cannot Be Held Individually Liable**

Section 1981 protects the right of all persons "to make and enforce contracts," including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship."   42 U.S.C. § 1981(a), (b).   The Second Circuit has held that individual defendants may be held personally liable under § 1981 only where the plaintiff can demonstrate that there exists "'some affirmative link to causally connect the actor with the discriminatory action.'"   Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000) (citations omitted); see also Evans-Gadsden v. Bernstein Litowitz Berger & Grossman, LLP, 332 F. Supp. 2d 592, 596 (S.D.N.Y. 2004) (same). Moreover, "'[a] claim seeking personal liability under [S]ection 1981 must be predicated on the actor's personal involvement.'"   Whidbee, 223 F.3d at 75 (citations omitted).

Here, Plaintiffs have not alleged a single fact to causally connect Mr. Gunther to any discriminatory action sufficient to establish a claim under § 1981.   Plaintiffs have not alleged that Mr. Gunther was their immediate supervisor, or that Mr. Gunther had any supervisory authority whatsoever.   See Complaint.   Plaintiffs also do not allege that Mr. Gunther had the authority to act as an agent of BNL in the making or enforcing of any contract, or in taking any other action.

Id.  Plaintiffs further fail to allege that Mr. Gunther, himself, made, or had the authority to make, any decisions at all.  Id.  That Mr. Gunther was a member of a promotion selection committee comprised of numerous individuals is insufficient to establish any causal connection to any act of discrimination.  Accordingly, Plaintiffs' Fifth Count should be dismissed.

### 2.    Plaintiffs' § 1981 Claim Must Also Be Dismissed Because Plaintiffs Have Failed To Sufficiently Allege Any Facts Upon Which A Finding of Intentional Discrimination Could Be Based

To survive a 12(b)(6) motion, a plaintiff must "'specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent.'"  Evans-Gadsden, 332 F. Supp. 2d at 596 (quoting Yusuf v. Vassar Coll., 827 F. Supp. 952 (S.D.N.Y. 1993), aff'd in relevant part, 35 F.3d 709, 713 (2d Cir. 1994)) (emphasis supplied).  "'A complaint consisting of nothing more than naked assertions and setting forth no facts upon which a court could find a violation of Section 1981 fails to state a claim under Rule 12(b)(6).'"  Id. (citations omitted).

Here, Plaintiffs have failed to assert a single fact to show that Mr. Gunther, himself, intentionally engaged in any discriminatory act because of Plaintiff's race.  Accordingly, their § 1981 claim must be dismissed for that reason as well.

### C.    Plaintiffs' § 1985(3) Claim Against Mr. Gunther Should Be Dismissed Because It Fails To State A Claim

Plaintiffs cannot bring a cause of action against Mr. Gunther under § 1985(3) for two reasons:  (1) Plaintiffs have not alleged any cognizable basis for a conspiracy claim, and (2) the "intracorporate conspiracy doctrine" bars any such a claim.  Accordingly, Plaintiffs' conspiracy claim against Mr. Gunther in Count Six should be dismissed.

1.      **Plaintiffs Fail To Allege A Cognizable Basis For Their § 1985(3) Claim**

Section 1985(3) does <u>not</u> create any substantive right.  It only provides a remedy for conspiracies to violate a person's right to equal protection of the laws.  <u>United Bhd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. 825, 828-29 (1983).  To impose liability under § 1985(3), therefore, a plaintiff must allege that two or more defendants conspired to deprive the plaintiff of the equal protection of the laws, and that the conspiracy was motivated by a racial or other class-based discriminatory animus. 42 U.S.C. § 1985(3); <u>Scott</u>, 463 U.S. at 828-29; <u>see also</u> <u>Philippeaux v. N. Cent. Bronx Hosp.</u>, 871 F. Supp. 640, 656 (S.D.N.Y. 1994) (same); <u>Herrmann v. Moore</u>, 576 F.2d 453, 457 (2d Cir. 1978) (holding that proof that a discharged plaintiff is of a racial minority does not justify an inference that the discharge was motivated by racial animus).  A complaint that contains only "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" will not defeat a motion to dismiss. <u>Baptiste v. N.Y. City Transit Auth.</u>, No. 02 Civ. 6377, 2004 WL 626198, at *6 (S.D.N.Y. Mar. 29, 2004) (holding that a plaintiff must submit <u>specific</u> facts to support his allegations and to infer that discrimination was intentional).  In addition, because § 1985(3) provides only "a <u>remedy</u> for violation of the rights it designates," Plaintiffs must state a cognizable legal basis upon which they can bring such a claim.  <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny</u>, 442 U.S. 366, 372 (1979) (emphasis added); <u>Philippeaux</u>, 871 F. Supp. at 656.

The United States Supreme Court and the Second Circuit have both held that employment discrimination claims under Title VII cannot form the basis for a § 1985(3) claim. <u>See, e.g.</u>, <u>Novotny</u>, 442 U.S. at 378 (holding that Title VII claims for employment discrimination cannot form the basis of a § 1985(3) claim); <u>Sherlock v. Montefiore Med. Ctr.</u>, 84 F.3d 522, 527 (2d Cir. 1996) (same; <u>quoting</u> <u>Novotny</u>); <u>Mangaroo v. Boundless Techs., Inc.</u>, 253 F. Supp. 2d

390, 402-03 (E.D.N.Y. 2003) (same).  While the Second Circuit has not ruled on the issue, the Third Circuit and numerous District Courts in the Second Circuit have also refused to allow violations of § 1981 to form such a basis in the employment context.  See Brown v. Philip Morris Inc., 250 F.3d 789, 805-06 (3d Cir. 2001); Jenkins v. Arcade Bldg. Maint., 44 F. Supp. 2d 524, 532-34 (S.D.N.Y. 1999) (holding that § 1981 claims cannot form the basis for a § 1985(3) claim; the statutory right against racial harassment in the employment context under § 1981 did not exist at the time § 1985(3) was passed); Harris v. Niagra Mohawk Power Corp., No. 95 Civ. 788, 1998 WL 865566, at *6 (N.D.N.Y. 1998) (holding that § 1985(3) does not create a separate right of action for claims brought under Title VII or § 1981); Ladson v. Ulltra E. Parking Corp., 853 F. Supp. 699, 704 n.6 (S.D.N.Y. 1994) (declining to hold that § 1981 could form an actionable basis for § 1985(3) claims); Smith v. Local Union 28 Sheet Metal Workers, 877 F. Supp. 165, 172 n.12 (S.D.N.Y. 1995) (claims of employment discrimination by private employees cannot form the basis of a conspiracy claim under § 1985(3); citing Novotny).  Contra Rowe Entm't, Inc. v. William Morris Agency, Inc., No. 98 Civ. 8272, 2000 WL 896929, at *13 (S.D.N.Y. July 6, 2000).  Furthermore, because a claim brought under § 1986 is dependent on a successful § 1985(3) claim, violations of § 1986 also cannot form the basis for a § 1985(3) claim.  Ladson, 853 F. Supp. at 704.

Here, Plaintiffs have not sufficiently alleged a legal or factual basis upon which a claim under § 1985(3) would be cognizable.  Plaintiffs' single allegation concerning a conspiracy is that Defendants "acquiesced and contributed to the conspiracy to violate plaintiffs' rights…and [to] have Plaintiffs harmed because of their race and color."  Compl. ¶ 196.  Plaintiffs do not specifically allege any substantive right or law derived from the Constitution which Defendants allegedly conspired to violate.  In addition, Plaintiffs do not allege a single specific fact with

respect to any conspiracy or Mr. Gunther's role in any alleged conspiracy, or to support an inference of intentional discrimination.  Therefore, Plaintiffs' § 1985(3) claim should be dismissed.  Ciambriello v. County of Nassau, 292 F.3d 307, 325 (2d Cir. 2002) (holding that "'complaints containing only conclusory, vague or general allegations'" of conspiracy "'are properly dismissed'") (citations omitted); Baptiste, 2004 WL 626198, at **6-7.

### 2. Even If Plaintiffs Could Assert An Actionable Basis For A § 1985(3) Claim, The "Intracorporate Conspiracy Doctrine" Bars Any Such Claim

Even if Plaintiffs had alleged a cognizable legal basis upon which to rest their § 1985(3) claim, and if they had alleged any facts to satisfy Fed. R. Civ. P. 8(a), Mr. Gunther would still not be liable under § 1985(3) because the "intracorporate conspiracy doctrine" bars such a claim. Specifically, the Second Circuit has refused to uphold a claim under § 1985(3) where:  (1) all of the alleged conspirators worked within a single corporate entity, and (2) the conspirators acted within the scope of their employment.  See Herrmann, 576 F.2d at 459; Philippeaux, 871 F. Supp. at 656; see also Girard v. 94th St. and Fifth Ave. Corp., 530 F.2d 66, 70-71 (2d Cir. 1976) (same; dismissing § 1985(3) claim); Nassau County Employee "L" v. County of Nassau, No. 04 Civ. 1014, 2004 WL 2700067, at *10 (E.D.N.Y. Nov. 29, 2004) (same; dismissing claim); Johnson v. City of New York, No. 01 Civ. 1860, 2004 WL 502929, at *4 (E.D.N.Y. Jan. 12, 2004) (dismissing § 1985(3) claim); Robins v. Max Mara, U.S.A., Inc., 914 F. Supp. 1006, 1010 (S.D.N.Y. 1996); Platsky v. Kilpatrick, 806 F. Supp. 358, 366 (E.D.N.Y. 1992); Ritzie v. C.U.N.Y., 703 F. Supp. 271, 277-78 (S.D.N.Y. 1989).  Only where individuals within a corporate entity are pursuing their own personal interests "'wholly separate and apart from the entity'" will the courts recognize an exception to this doctrine.  See Nassau County Employee "L", 2004 WL 2700067, at *9 (citation omitted).

12

Here, Plaintiffs have not alleged that any individuals took any actions against them other than individuals employed by BSA. Compl. ¶¶ 191-199. Plaintiffs also have not alleged a single fact to show that Mr. Gunther acted outside the scope of his employment when he allegedly took part in any discriminatory action. See Complaint. In fact, all of the individual Defendants are named in their "official and individual capacities." Id.

Furthermore, even assuming, arguendo, that Plaintiffs had pled a single fact to show that Mr. Gunther, or any of the other individual defendants, acted outside the scope of their employment, Plaintiffs still fail to state a claim under § 1985(3) absent evidence that each of the Defendants were "'motivated by an independent personal stake.'" Johnson, 2004 WL 502929, at *5 (citation omitted). It is not enough that the individuals are motivated by racial animus, nor is the existence of "individual bias [sufficient] without an allegation of a personal stake." Id.; see also Robins, 914 F. Supp. at 1010-11 (granting motion to dismiss § 1985(3) claim as there was no evidence the defendants were acting for their own personal interest). Plaintiffs have not pled a single fact demonstrating that Mr. Gunther had a personal stake in furthering some interest of his own. In fact, Plaintiffs' only allegation as to the individual Defendants' alleged participation in a conspiracy, as referenced in Section II.C.1., is "conclusory, vague [and] general." Baptiste, 2004 WL 626198, at *6; see also Williams v. Reilly, 743 F. Supp. 168, 173-74 (S.D.N.Y. 1990) (holding that vague, general or conclusory allegations of a conspiracy are not enough). Having failed to plead any facts concerning the existence of a conspiracy, Plaintiffs' claim against Mr. Gunther should be dismissed.

**D.     The § 1986 Claim Against Mr. Gunther Should Be Dismissed Because It Fails To State A Claim**

There can be no violation of § 1986 without a violation of § 1985(3). Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (dismissing § 1986 claim based on the

failure to state a claim for relief under § 1985(3)); <u>Cameron v. Church</u>, 253 F. Supp. 2d 611, 623-24 (S.D.N.Y. 2003) (same); <u>Baines v. Masiello</u>, 288 F. Supp. 2d 376, 394-95 (W.D.N.Y. 2003) (same); <u>Smith v. Metro N. Commuter R.R.</u>, No. 98 Civ. 2528 (RWS), 2000 WL 1449865, at *7 (S.D.N.Y. Sept. 29, 2000) (same); <u>Baptiste</u>, 2004 WL 626198, at *7 (holding that the success of a plaintiff's claim brought under § 1986 is dependent upon the success of his § 1985(3) claim); <u>Dwares v. City of New York</u>, 985 F.2d 94, 101 (2d Cir. 1993) (holding that liability under § 1986 is dependent on the validity of a claim under § 1985(3)); <u>Jews for Jesus, Inc. v. Jewish Cmty. Relations Council</u>, 968 F.2d 286, 292 (2d Cir. 1992) (same).  Because Plaintiffs have failed to state a claim under § 1985(3), as discussed above, Plaintiffs' § 1986 claim should also be dismissed.

Moreover, even if Plaintiffs had stated a claim under § 1985(3), they have not alleged sufficient facts to state a claim under § 1986.  An individual is liable under § 1986 only where he has actual <u>knowledge</u> of the discrimination that is prohibited by § 1985(3) – a conspiracy – and <u>fails</u> to <u>prevent</u> <u>it</u> from <u>occurring</u>.  See <u>Cameron</u>, 253 F. Supp. 2d at 623-24 (same); <u>Baines</u>, 288 F. Supp. 2d at 394 (same); <u>Smith</u>, 2000 WL 1449865, at *7 (same).

Here, Plaintiffs have done nothing more than repeat the elements of a § 1986 claim without offering a single fact to show that Mr. Gunther or any of the other individual Defendants:  (1) had <u>knowledge</u> of an actual conspiracy to discriminate, (2) had the power to prevent or aid in preventing the commission of a conspiracy, and (3) did nothing about it.  Accordingly, Plaintiffs' § 1986 claim should be dismissed for this reason as well.  See <u>Straker v. Metro. Transit Auth.</u>, 333 F. Supp. 2d 91, 101 (E.D.N.Y. 2004) (holding that a claim consisting of "'only the barest of conclusory allegations,'" unsupported by factual allegations, cannot withstand a motion to dismiss) (citation omitted); <u>Packer v. Yampol</u>, 630 F. Supp. 1237, 1241

14

(S.D.N.Y. 1986) (court need not accept legal conclusions unsupported by factual allegations); M & M Transp. Co. v. U.S. Indus., Inc., 416 F. Supp. 865, 868 n. 4 (S.D.N.Y. 1976) (for purposes of a motion to dismiss, the only allegations whose truth is to be accepted are allegations of existing facts; there is no warrant for an assumption of the truth or accuracy of a complaint's legal conclusions).

E.    **Any Claim Against Mr. Gunther Under Title VI Should Be Dismissed**

It is unclear in the Complaint whether Plaintiffs have asserted a claim against Mr. Gunther under 42 U.S.C. § 2000d ("Title VI"). See Complaint ¶¶ 171-175. If Plaintiffs have, the claim must be dismissed because Title VI does not provide any basis for holding individuals liable. Folkes v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech., 214 F. Supp. 2d 273, 292 (E.D.N.Y. 2002); Cohen v. Brookwood Childcare Agency's Employees, No. 01 Civ. 162, 2001 WL 1646529 (E.D.N.Y. Dec. 14, 2001); Bayon v. S.U.N.Y. at Buffalo, No. 98 Civ. 0578, 2001 WL 135817 (W.D.N.Y. Feb. 15, 2001). Title VI reads, in relevant part, that "'[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" 42 U.S.C. § 2000d. From the text of the statute itself, and as it has been interpreted by the courts, it is evident that Title VI was intended to prohibit discrimination only by organizations or entities that receive federal funding, and not by individuals. Bayon, 2001 WL 135817, at *2 (holding that "this act does not provide for individual liability"); Folkes, 214 F. Supp. 2d at 292 (dismissing claim because individuals are not recipients of federal funding); Cohen, 2001 WL 1646529, at *2 (holding that individuals are not liable under Title VI). Thus, this Court should dismiss any Title VI claim against Mr. Gunther.

**III. PLAINTIFFS HAVE FAILED TO SUFFICIENTLY STATE AN ACTIONABLE CLAIM AGAINST MR. GUNTHER UNDER ANY STATUTE BECAUSE THEY HAVE NOT ALLEGED ANY DISCRIMINATORY ACTS BY HIM**

Even if Plaintiffs had alleged sufficient facts to permit an individual claim to proceed against Mr. Gunther on a theory of individual liability, they have not alleged a single action by Mr. Gunther that could give rise to any claim of unlawful discrimination under either the NYSHRL, § 1981, § 1985(3), or § 1986. Plaintiffs allege <u>only</u> that he was "among those in the committee convened to fill the Assistant Lab Director position." Compl. ¶137. Any other allegation as to Mr. Gunther simply repeats the elements of Plaintiffs' claims and is entirely devoid of factual support. <u>See</u> Complaint. Stated another way, Plaintiffs have failed to allege a single fact from which Mr. Gunther could fairly be argued to be on notice of the grounds for a claim of discrimination against him personally.

The "fair notice" pleading standard has never been a toothless requirement – before or after <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506 (2002). <u>See, e.g.</u>, <u>Straker</u>, 333 F. Supp. 2d at 101 (holding that the "'minimal requirements are not tantamount to nonexistent requirements'") (quoting <u>Jackson v. Bell South Telecomms.</u>, 372 F.3d 1250, 1270-71 (11th Cir. 2004)). Rather, as the <u>Swierkiewicz</u> decision confirmed, to survive dismissal, a complaint must not only give the defendant "'fair notice of what the plaintiff's claim is,'" but also *"'the grounds upon which it rests.'"* <u>Swierkiewicz</u>, 534 U.S. at 512 (emphasis added) (citation omitted); <u>see also</u> <u>Bass v. E.I. Dupont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003) ("[o]ur circuit has not, however, interpreted <u>Swierkiewicz</u> as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim"), <u>cert. denied</u>, 540 U.S. 940 (2003).

Thus, to survive a motion to dismiss, Plaintiffs must provide the <u>facts</u> upon which their claim is based. <u>See, e.g.</u>, <u>Straker</u>, 333 F. Supp. 2d at 102 (granting 12(b)(6) motion where the complaint contained no facts permitting a reasonable inference of racial discrimination);

16

Marshall v. Nat'l Ass'n of Letter Carriers, No. 00 Civ. 3167, 2003 WL 223563, at **8-9 (S.D.N.Y. Feb. 3, 2003) (granting motion); Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 278 (S.D.N.Y. 2002) (granting motion); Bass, 324 F.3d at 765 ("[w]hile a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief").

Conclusory allegations, devoid of the who, what, when, where and how of alleged acts, cannot sustain a claim even at the pleadings stage. Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("From [Swierkiewicz] we intuit that ... the complaint should at least set forth minimal facts as to who did what to whom, when, where and why"); Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (holding that "'[p]leadings must be something more than an ingenious academic exercise in the conceivable.'") (internal citations omitted); Straker, 333 F. Supp. 2d at 102 (holding that conclusory allegations do not suffice to plead the grounds upon which plaintiff's claims rest); Jackson, 372 F.3d at 1270-71 (nothing that Swierkiewicz "did not even remotely suggest that a pleading could survive dismissal when it consisted of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based.").

Although Plaintiffs purport to assert claims of racial discrimination, retaliation, and conspiracy against Mr. Gunther, their Complaint fails to provide any notice (and certainly not fair notice) of the grounds upon which these claims are based. Indeed, other than the allegation that Mr. Gunther was part of a selection committee for a promotion for one position, the Complaint is devoid of a single allegation concerning Mr. Gunther's individual authority over the selection process, his knowledge of any discriminatory acts taken by others on the committee, or his individual intent to discriminate against Plaintiffs. Thus, the Complaint fails to

17

give "fair notice" of any facts or grounds which could support Plaintiffs' claims, and those claims should, therefore, be dismissed.  See, e.g., Bass, 324 F.3d at 765 (holding that the "words 'hostile work environment' are not talismanic … it is the alleged facts supporting those words" which are the focus of a motion to dismiss); Whyte v. Contemporary Guidance Servs., Inc., No. 03 Civ. 5544, 2004 WL 1497560, at *4 (S.D.N.Y. July 2, 2004) (dismissing complaint because "bare bones allegations" did not provide "requisite fair notice of what the claims are").

Thus, having failed to give Mr. Gunther fair notice of the grounds upon which Plaintiffs' claims rest, all of the claims brought against Mr. Gunther in his individual capacity should be dismissed.

## CONCLUSION

For all of the foregoing reasons, all of Plaintiffs' claims against Mr. Gunther should be dismissed, together with such other and further relief as this Court deems appropriate.

Dated: New York, New York
      March 18, 2005

Respectfully submitted,

Morgan, Lewis & Bockius LLP

By: _____
      Christopher A. Parlo (CP-4310)

101 Park Avenue
New York, New York 10178
Tel.: (212) 309-6000
Fax: (212) 309-6273

Attorneys for Defendant
William Gunther