```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MALRY TARDD and OTTO WHITE,

                    Plaintiffs,
                                                    ORDER
     -against-                                      CV 04-3262 (ADS)(ARL)

BROOKHAVEN NATIONAL LABORATORY,
et al.,

                    Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letter application dated May 20, 2005, seeking to compel the plaintiffs to provide a damages computation pursuant to Fed. R. Civ. P. 26 (a)(1)(C) and to fully respond to the defendants' Interrogatory No. 2, which also requests information on damages. The plaintiffs oppose the application by letter dated May 25, 2005 arguing that because discovery is in "its genesis stages" it would be irresponsible to venture a guess with respect to economic damages and that any other damages arising from the injuries are not governed by any exact mathematical calculation. For the reason set forth below, the defendants' application is granted.

Rule 26 (a)(1) (c) provides that "a party must, without awaiting a discovery request, provide to other parties, . . . a computation of any category of damages claimed by the disclosing party, making available for inspection and copying . . . the documents or other evidentiary material, not privileged or protected from disclosure, on which the computation is based, including material on the nature and extent of injuries suffered." Rule 26(a) further provides that "[a] party must make its initial disclosures based on the information then reasonably available to it and is not excused from making disclosures because it has not fully completed its investigation of the case . . . ." Accordingly, the plaintiffs are directed to provided the defendants with a

computation of any category of damages set forth in the amended complaint, including the $5,000,000 in compensatory damages sought in counts two through six.

Moreover, Rule 33(b) provides that "[e]ach interrogatory shall be answered . . . fully in writing, unless it is objected to . . . ." The court has reviewed the plaintiffs response, which provided a "damages theory" and indicated that "the actual amount of damages will remain unrealized and undeterminable until plaintiffs obtain discovery." Although a specific calculation of actual damages suffered may not be possible at this time, the court, nonetheless finds the response to be insufficient. The plaintiffs are thus directed to more fully respond to the interrogatory by providing a breakdown of the types of damages they seek for each cause of action and the amount of damages suffered to dated based on information they currently possess.

The plaintiff may supplement either response as additional information becomes available.

Dated: Central Islip, New York
       June 13, 2005

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge