UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MALRY TARDD and OTTO WHITE,

                Plaintiffs,

          -against-                        **ORDER**
                                                CV 04-3262 (ADS)(ARL)

BROOKHAVEN NATIONAL LABORATORY,
et al.,

                Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is the plaintiffs' letter application dated January 3, 2005, requesting an immediate conference with the court to address the failure of the defendants Thomas Sheridan and Kenneth Brog to appear for a deposition. The court has reviewed the plaintiffs' application as well as the defendants' response and finds that a conference is unnecessary as the court can rule on the issue based on the papers before it.

The defendants Thomas Sheridan and Kenneth Brog have appeared in this action and according to the court's docket sheet are currently represented by Morgan Lewis, who have made appearances and filed papers on their behalf. According to the defendants' counsel, when he contacted Messrs. Sheridan and Brog last month, he was informed, for the first time, that Messrs. Sheridan and Brog do not believe that Morgan Lewis represents them. Counsel for the defendants is directed to contact both Messrs. Sheridan and Brog immediately upon receipt of this order and clarify the status of their representation. If either or both of the defendants no longer want Morgan Lewis to represent them, counsels for the defendant must make an application to withdraw pursuant to Local Rule 1.4.

Regardless of the status of their representation, Thomas Sheridan and Kenneth Brog have appeared as defendants in this action and must therefore appear for a deposition. The deposition

of a non-resident defendant is generally conducted where the defendant resides or has a principal place of business. *See Buzzeo v. Bd. of Educ.,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998). Although the presumption can be overcome by a showing of cost, convenience or litigation efficiency, that has not been done here. Accordingly, the plaintiff may depose the defendants Sheridan and Brog where they reside or work. Counsel for the defendants has proposed, however, taking the defendants' deposition by telephone. Fed. R. Civ. P. 30(b)(7) provides that "the court may upon motion order that a deposition be taken by telephone or other remote electronic means." If the parties do not wish to conduct the deposition where the defendants Sheridan and Brog reside or work, they may be conducted by telephone.

Dated: Central Islip, New York
       January 10, 2006

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge