**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
MALRY TARDD and OTTO WHITE,

                    Plaintiffs,

-against-

BROOKHAVEN NATIONAL LABORATORY,
a.k.a. and/or d/b/a BROOKHAVEN SCIENCE
ASSOCIATES, CONRAD FORSTER, in his
individual and official capacity; MICHAEL
GOLDMAN, in his individual and official capacity;
WILLIAM HEMPFLING, in his official and
individual capacity; SUE FOSTER, in her official
and individual capacity; WALTER DEBOER,
in his official and individual capacity; STEVE
DIERKER, in his official and individual capacity;
ED HAAS, in his official and individual capacity;
MICHAEL BEBON, in his official and individual
capacity; DEREK LOWENSTEIN, in his official
and individual capacity; WILLIAM GUNTER, in
his official and individual capacity; THOMAS
SHERIDAN, in his official and individual capacity;
PETER PAUL, in his official and individual
capacity; KENNETH BROG, in his official and
individual capacity,

                    Defendants.
-----------------------------------------------------X

**ORDER**
04 CV 3262 (ADS)

**APPEARANCES:**

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON, ESQ.**
Attorneys for the Plaintiffs
50 Clinton Street, Suite 501
Hempstead, New York 11550
      By:    Frederick K. Brewington, Esq.
                Gregory Calliste, Jr., Esq., of Counsel

**MORGAN, LEWIS & BOCKIUS, LLP**
Attorneys for the Defendants
101 Park Avenue
New York, New York 10178
      By:    Christopher A. Parlo, Esq.,
              Amanda N. Slatin, Esq., of Counsel

**SPATT, District J.**

      This case is based on the plaintiffs' claims that the defendants discriminated against them on the basis of their race during the course of their employment at the Brookhaven National Laboratory. The allegations of the parties and the factual background are more fully set forth in this Court's prior opinions ruling on the defendants' motions for judgment on the pleadings, for summary judgment, to sever the plaintiffs' claims, and for reconsideration. See Tardd v. Brookhaven Nat'l Laboratory, 407 F. Supp. 2d 404 (E.D.N.Y. 2006) (judgment on the pleadings); Memorandum of Decision and Order, dated Mar. 6, 2007 (the "Summary Judgment Order"); Memorandum of Decision and Order, dated May 8, 2007 ("Motion to Sever and for Reconsideration"). The Court has ordered that the plaintiffs are to have separate trials. The jury selection for Tardd's trial is scheduled for July 2, 2007. White's trial is set to commence on July 23, 2007.

      Presently there are three motions before the Court: (1) the defendants' motion to dismiss White's Title VII and Section 1981 claims against the individual defendant Goldman; (2) the defendants' motion to request clarification with regard to Tardd's constructive discharge/wrongful termination claim, and for dismissal of any such

claim in light of Tardd's pending EEOC charge; and (3) the plaintiffs' motion for leave to file a fourth amended complaint to allege that Tardd was wrongfully terminated.

**I.      The Defendants' Motion to Dismiss White's Claims Against Goldman**

To the extent that the defendants seek the dismissal of White's Title VII claims against the defendant Goldman, their motion is granted, as there is no individual liability under Title VII. Schiano v. Quality Payroll Sys., 445 F.3d 597, 608, n.8 (2d Cir. 2006) ("[A]n individual defendant cannot be held personally liable under Title VII"); Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) ("The district court also properly dismissed the Title VII claims against Glowski and Paluck, because individuals are not subject to liability under Title VII."); Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995), abrogated on other grounds by Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); Riddle v. Liz Claiborne, Inc., No. 00 Civ. 1374, 03 Civ. 8798, 2006 WL 3057289, at *1, n. 4 (S.D.N.Y. Oct. 27, 2006) ("[T]here is no individual liability under Title VII"); Garone v. United Parcel Serv., Inc., 436 F. Supp. 2d 448, 473 (E.D.N.Y. 2006) ("Title VII imposes no individual liability on supervisors or co-workers.").

The defendants also argue that White's allegations against Goldman cannot support a claim under Section 1981. The defendants made similar arguments in their August 11, 2006 motion for summary judgment. In the March 6, 2007 Memorandum of Decision and Order ruling on the motion for summary judgment, the Court held that White raised material issues of triable fact with respect to his discrimination claims under Section 1981. The time to seek reconsideration of that order has expired. At the trial, if White fails to produce evidence sufficient to support a Section 1981 claim against Goldman or any other defendant, they can make a motion to dismiss this cause of action pursuant to Rule 50 after the presentation of the plaintiff's case. Accordingly, the defendants' motion to dismiss White's Section 1981 claim against Goldman is denied.

**II.     As to Tardd's Termination Claims**

At the time that the plaintiffs commenced this action in the year 2004, Tardd still worked for the defendants. Tardd filed his charge of discrimination with the EEOC on April 1, 2002, and subsequently amended the charge on two occasions, first on May 21, 2002 and later March 30, 2004. The EEOC completed its investigation and issued a right to sue letter to Tardd on April 30, 2004. The complaint was filed on July 29, 2004.

Tardd's alleged termination did not occur until April 13, 2006. Prior to that date, he was on extended medical leave. By letter dated April 5, 2006, the defendants

informed Tardd that April 12, 2006 would mark the end of a twelve-month leave of absence due to disability, and that he would be removed from active employee status after that date.  On February 23, 2007, Tardd filed a charge of discrimination with the EEOC alleging race and disability discrimination in the denial of long term disability benefits, his termination, and retaliation.  Although the plaintiffs have filed three amended complaints, each of these amended pleadings was submitted before the conclusion of Tardd's employment with the defendants.  Thus, the third amended complaint does not contain any allegations related to his alleged termination.

      The defendants have now made a motion seeking "clarification with regard to the Court's May 8, 2008 Decision and Order concerning whether Plaintiff Tardd has asserted a constructive discharge claim, and assuming he did, move this court for an order dismissing that claim in light of his new pending EEOC charge."  The defendants also request that if Tardd is not permitted to proceed with a constructive discharge claim in the present action, as a matter of judicial economy, that the Court adjourn Tardd's trial date until after the EEOC has resolved Tardd's pending Charge relating to his allegedly illegal termination from Brookhaven Laboratory.  Although the defendants' focus primarily on Tardd's accusations of a constructive discharge, it is clear from their papers that the arguments concern Tardd's discharge generally, whether actual or constructive.

In response, the plaintiffs concede that Tardd is not claiming that he was constructively discharged from Brookhaven Laboratory. The plaintiffs do, however, seek to argue that Tardd was wrongfully terminated from the Lab when he was removed from active employee status after his medical leave of absence expired. Clearly, because Tardd's alleged termination did not occur until April 13, 2006, no such claim was included in the complaint or amended complaints, Tardd's April 1, 2002 Charge, or his May 21, 2002 and March 30, 2004 amendments to his Charge. As noted above, Tardd's claim relating to his alleged termination was not presented to the EEOC until February 23, 2007. This Charge is currently pending.

The defendants argue that Tardd should not be permitted to present facts related to his termination to the jury because this claim has not yet been exhausted before the EEOC, and that Tardd's trial on his other claims should be adjourned to avoid the need for a second trial involving the same parties at a later date. In response, the plaintiffs argue that Tardd should be permitted to pursue his termination claim in this trial because it falls within an exception to the exhaustion requirement, namely, because it is "reasonably related" to Tardd's other claims of discrimination because the conduct complained of would fall within the scope of the EEOC investigation that was expected to grow out of his EEOC Charge. See Butts v. City of N.Y. Dep't of Housing, 990 F.2d 1397, 1401-02 (2d Cir. 1993) (internal quotations

omitted), superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684 (2d Cir. 1998).

The Court agrees with the defendants that Tardd's allegations of an unlawful termination were not exhausted, and do not fit within an exception to the exhaustion requirement. In Smering v. FMC Corp., No. 01-CV-721S, 2004 WL 2191561 (W.D.N.Y. Sept. 24, 2004), the Court addressed similar facts. In Smering, the plaintiff alleged that the defendant discriminated against her based on her gender and marital status. On April 16, 2001, the plaintiff filed a Charge of Discrimination with the EEOC. Id. at *4. On September 25, 2001, the EEOC sent the plaintiff a Right to Sue letter. On October 11, 2001, the plaintiff was terminated, and she filed her complaint commencing the federal action on the next day, October 12, 2001.

In a motion for summary judgment, the defendants argued that any of the plaintiff's discrimination claims that were based on her termination should be dismissed because the plaintiff did not exhaust these claims. The plaintiff conceded that her termination claims were not exhausted, but that the Court should still consider them as "reasonably related" to the claims that she set for in her EEOC Charge. Id. at *7.

Similar to Tardd, in Smering the plaintiff's termination occurred after she filed her charge and after the conclusion of the EEOC's investigation. In that case, the plaintiff filed her Charge on April 16, 2001, and the EEOC concluded its investigation

7

on September 25, 2001. This was three days before she was suspended and sixteen days before her termination. Id. at *9. The Court granted summary judgment to the defendant, finding that (1) "it [was] an impossibility that the scope of the EEOC's investigation could include events that had not yet occurred"; (2) "[i]nvestigation of Plaintiff's suspension and termination would not be reasonably related to the five discrete acts [of discrimination] noticed in the charge [and] nothing in the allegations themselves would compel the EEOC to broaden the scope of its investigation to include possible termination." Id. The plaintiff's claims related to her termination were dismissed for failure to exhaust her administrative remedies.

In the present matter, Tardd's alleged termination did not happen until April 13, 2006, more than two years after he filed his most recent amendment to his Charge. As the defendants argue, "the EEOC could not possibly have investigated, and did not investigate or issue a right to sue letter on, a termination that did not occur until two years after their investigation was complete." Accordingly, the Court finds that Tardd's discrimination claims based on his alleged unlawful termination were not exhausted, and do not fit within the "scope of the charge" exception to the exhaustion requirement.

Having determined that Tardd's claims based on his alleged termination are unexhausted, the Court finds that it would be futile to allow the plaintiffs to file a fourth amended complaint asserting a termination claim. See Richardson

8

Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citation omitted); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Accordingly, the plaintiffs' motion for leave to file a fourth amended complaint is denied.

Finally, the Court denies the defendants' request to stay Tardd's trial pending the EEOC investigation of his February 23, 2007 Charge. However, in the interest of economy and to avoid additional litigation, the Court would permit the defendants to waive the exhaustion requirement and stipulate to allow Tardd to present his pending claim that he was illegally terminated from the Lab at the current trial. See, e.g., Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) ("[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.") (citations omitted); Jones v. Bellevue Hosp. Center, No. 04 Civ. 5552(WHP), 2005 WL 3018260, *3 (S.D.N.Y. Nov. 7, 2005) ("Title VII's administrative exhaustion requirement 'is not a jurisdictional one . . . [but], like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.' ") (quoting Terry v. Ashcroft, 336 F.3d 128, 150 (2d Cir. 2003)). The attorney for the defendants may do this in a letter within three days from the date of this order, including their request for additional discovery, if any, which the Court will schedule to take place immediately.

Based on the foregoing, it is hereby

**ORDERED**, that the defendants' motion to dismiss White's Title VII claims against Goldman is granted; and it is further

**ORDERED**, that the defendants' motion to dismiss White's Section 1981 claims against Goldman is denied; and it is further

**ORDERED**, that in the absence of administrative exhaustion, Tardd is precluded from arguing at the trial that he was unlawfully terminated unless the defendants stipulate to the plaintiffs presenting this claim at the present trial; and it is further

**ORDERED**, that the defendants' motion to stay Tardd's trial is denied; and it is further

**ORDERED**, that the plaintiffs' motion for leave to file a fourth amended complaint is denied; and it is further

**ORDERED**, that the parties' motions are otherwise denied.

**SO ORDERED**.

Dated: Central Islip, New York
June 25, 2007

  /s/ Arthur D. Spatt  
ARTHUR D. SPATT
United States District Court